**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**WADE F. HALL,**
***et al.*,**

**Plaintiffs,**

**v.**

**NATIONAL RAILROAD PASSENGER CORPORATION,**
***et al.*,**

**Defendants.**

**Case No. 1: 06-CV-01539 (GK)**
**Next Scheduled Court deadline: N/A**

**DEFENDANTS' ANSWER**

Defendants National Railroad Passenger Corporation ("Amtrak"), Retirement Plan Committee for the Retirement Income Plan for Employees of National Railroad Passenger Corporation (the "Retirement Plan Committee"), and Retirement Income Plan for Employees of National Railroad Passenger Corporation (the "Plan") (collectively "Defendants"), by counsel and pursuant to Fed. R. Civ. P. 8, respectfully Answer the Class Action Complaint served by plaintiffs, Wade F. Hall, Hattie N. McCoy-Kemp and Victoria F. Staton (collectively "Plaintiffs").

**NATURE OF ACTION**

1. The holding of *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73 (1995) speaks for itself, and no response is required to the first sentence of Paragraph 1. Defendants deny the second sentence of Paragraph 1.

2. Defendants admit the first sentence of Paragraph 2. Defendants deny the second and third sentences of Paragraph 2,

3. Admitted.

4. Admitted.

5. Admitted.

## THE PARTIES

6. Admitted.

7. Admitted.

8. Admitted.

9. The allegations in Paragraph 9 constitute a legal conclusion and no response is required. To the extent a response is required, the allegations are denied.

10. The allegations in Paragraph 10 constitute a legal conclusion and no response is required. To the extent a response is required, the allegations are denied.

11. The allegations in Paragraph 11 constitute a legal conclusion and no response is required. To the extent a response is required, the allegations are denied.

## STATEMENT OF FACTS

12. Defendants admit that, on or about May 2001, Amtrak's management requested that the Plan's actuaries design a proposal that contemplated various early retirement options. Defendants deny the remaining allegations in Paragraph 12.

13. The terms of the proposal that management presented to the Board are reflected in the materials provided to the Board. The allegations in Paragraph 13 are denied to the extent that it summarizes or abbreviates those terms. Defendants deny any additional allegations in Paragraph 13.

14. The terms of the proposal that management presented to the Board are reflected in the materials provided to the Board. The allegations in Paragraph 14 are denied to the extent that it summarizes or abbreviates those terms. Defendants deny any additional allegations in Paragraph 13.

15. Denied.

16. Defendants deny that an “amendment” to the Plan was “authorized and approved by the Board” on or about July 26, 2001. Defendants deny the remaining allegations of Paragraph 16.[1]

17. Defendants deny that the Plan was amended in July 2001, and the first sentence of Paragraph 17 is therefore denied. Defendants admit that many employees indicated that they would elect certain early retirement options, were they offered. Defendants deny the remaining allegations of Paragraph 17.

18. Defendants object to Plaintiffs’ characterization of the motives and actions of Amtrak’s management, and these allegations are therefore denied. Defendants deny the remaining allegations of Paragraph 18.

19. Defendants deny the characterization that any action taken in September 2001 amounted to an “amendment” to the Plan, although Defendants admit that, on or about September 2001, “an additional one-time lump sum payment of $15,000” was offered in lieu of the previously-contemplated Railroad Retirement Supplement. Defendants deny the remaining allegations of Paragraph 19.

---

[1] To the extent that Plaintiffs allege in this or any paragraph that the Plan was “amended” in July 2001, Defendants deny that allegation.

20. Denied.

21. Defendants admit the first sentence of Paragraph 21. The phrase "work continued" is unclear and ambiguous and therefore the second sentence of Paragraph 21 is denied. Defendants deny the remaining allegations in Paragraph 21.

22. The relevant statutes and by-laws speak for themselves. Defendants deny the remaining allegations of Paragraph 22.

23. The allegations in Paragraph 23 constitute speculation as to actions that members of Amtrak's management could have taken in the days immediate following September 11, 2001. Defendants are without knowledge sufficient to admit or deny these allegations, and these allegations are therefore denied. Defendants deny the remaining allegations of Paragraph 23.

24. Defendants object to the characterization of the motives and actions of Amtrak's management, and the allegations of the first sentence of Paragraph 24 are therefore denied. Defendants admit that management sought to obtain Board approval without a meeting through a unanimous written consent. Defendants deny the remaining allegations of Paragraph 24.

25. The relevant statutes and by-laws speak for themselves. Defendants deny the remaining allegations of Paragraph 25.

26. The allegations in Paragraph 26 constitute a legal conclusion and no response is required. To the extent a response is required, the allegations are denied.

27. Defendants admit that on or about September 14, 2001, two documents were sent by members of management to Amtrak directors. These documents speak for themselves, and the remaining allegations are denied.

28. The allegations in Paragraph 28 constitute a legal conclusion and no response is required. To the extent a response is required, the allegations are denied.

29. Defendants admit that Governor Holton instructed management to sign the consent form on his behalf, and that he did not personally sign it. Otherwise, the allegations in Paragraph 29 constitute a legal conclusion and no response is required. To the extent a response is required, the allegations are denied.

30. Defendants admit that Governor Holton instructed management to sign the consent form on his behalf, and that he did not personally sign it. Defendants deny Plaintiffs' characterization of John Carten, and the allegations of the first sentence are therefore denied. Otherwise, the allegations in Paragraph 30 constitute a legal conclusion and no response is required. To the extent a response is required, the allegations are denied.

31. The allegations in Paragraph 31 constitute a legal conclusion and no response is required. To the extent a response is required, the allegations are denied.

32. The allegations in Paragraph 32 constitute a legal conclusion and no response is required. To the extent a response is required, the allegations are denied.

33. The allegations in Paragraph 33 constitute a legal conclusion and no response is required. Further answering, Defendants deny any "attempt to conceal" or otherwise mislead, and the allegations concerning Mr. Carten's motivations are therefore denied. Defendants deny the remaining allegations of Paragraph 33.

34. Denied.

35. The allegations in Paragraph 35 constitute a legal conclusion and no response is required. To the extent a response is required, the allegations are denied.

36. The allegations in Paragraph 36 constitute a legal conclusion and no response is required. To the extent a response is required, the allegations are denied.

37. The allegations in Paragraph 37 constitute a legal conclusion and no response is required. To the extent a response is required, the allegations are denied.

38. Defendants deny that its agents "fraudulently concealed" anything. Defendants further deny the allegations concerning the motivations of Mr. Carten. Defendants deny the remaining allegations of Paragraph 38.

39. Defendants admit that it informed Amtrak employees that Amtrak would not provide the early retirement options that were initially contemplated. Defendants also admit that approximately 75 employees terminated their employment from Amtrak on or about November 2001. Defendants are without knowledge sufficient to admit or deny the motivations or state of mind of past or present Amtrak employees and, therefore, Defendants deny the remaining allegations in Paragraph 39.

40. Defendants are without knowledge sufficient to admit or deny the motivations or state of mind of past or present Amtrak employees and, therefore, Defendants deny the allegations in Paragraph 40. Further, Defendants deny that they "misled" anyone, and, for this additional reason, the allegation in the second sentence is denied. Defendants deny the remaining allegations in Paragraph 40.

41. The allegations in Paragraph 41 constitute a legal conclusion and no response is required. To the extent a response is required, the allegations are denied.

42. Defendants admit that it moved to dismiss the amended complaint and that this motion was granted by the Court. Defendants deny the remaining allegations in Paragraph 42.

43. Defendants deny these allegations because these communications are in writing; these writings speaks for themself and should not be summarized, paraphrased or abbreviated. Defendants deny the remaining allegations of Paragraph 43.

44. Defendants deny these allegations because these communications are in writing; these writings speaks for themself and should not be summarized, paraphrased or abbreviated. Defendants deny the remaining allegations of Paragraph 44.

45. Defendants admit the first sentence of the allegations in Paragraph 45. The written explanation of the Committee's reasoning speaks for itself, and Defendants deny Plaintiffs' characterization of it. Defendants deny the remaining allegations in Paragraph 45.

46. The written explanation of the Committee's reasoning speaks for itself, and Defendants deny Plaintiffs' characterization of it. Defendants deny the remaining allegations in Paragraph 46.

47. The written explanation of the Committee's reasoning speaks for itself, and Defendants deny Plaintiffs' characterization of it. Defendants deny the remaining allegations in Paragraph 47.

48. The written explanation of the Committee's reasoning speaks for itself, and Defendants deny Plaintiffs' characterization of it. Defendants deny the remaining allegations in Paragraph 48.

49. The written explanation of the Committee's reasoning speaks for itself, and Defendants deny Plaintiffs' characterization of it. Defendants deny the remaining allegations in Paragraph 49.

50. The written explanation of the Committee's reasoning speaks for itself, and Defendants deny Plaintiffs' characterization of it. Defendants deny the remaining allegations in Paragraph 50.

51. The first sentence of Paragraph 51 is admitted. The written explanation of the Committee's reasoning speaks for itself, and Defendants deny Plaintiffs' characterization of it. Defendants deny the remaining allegations in Paragraph 51.

52. Defendants admit that letters were exchanged on or about February 16, 2006 and February 22, 2006. These letters speak for themselves, and Defendants object to Plaintiffs' characterization and paraphrasing of their contents. Defendants deny the remaining allegations in Paragraph 52.

53. Defendants admit that this letter was sent on or about March 16, 2006. This letter speaks for itself, and Defendants objects to Plaintiffs' characterization and paraphrasing of its contents. Defendants deny the remaining allegations in Paragraph 53.

54. Defendants admit that this letter was sent on or about April 21, 2006. This letter speaks for itself, and Defendants objects to Plaintiffs' characterization and paraphrasing of its contents. Defendants deny the remaining allegations in Paragraph 54.

55. The April 21, 2006 letter speaks for itself, and Defendants objects to Plaintiffs' characterization and paraphrasing of its contents. Defendants deny the remaining allegations in Paragraph 55.

56. The April 21, 2006 letter speaks for itself, and Defendants objects to Plaintiffs' characterization and paraphrasing of its contents. Defendants deny the remaining allegations in Paragraph 56.

57. The April 21, 2006 letter speaks for itself, and Defendants objects to Plaintiffs' characterization and paraphrasing of its contents. Defendants deny the remaining allegations in Paragraph 57.

58. Defendants admit that this letter was sent on or about May 16, 2006. This letter speaks for itself, and Defendants objects to Plaintiffs' characterization and paraphrasing of its contents. Defendants deny the remaining allegations in Paragraph 58.

59. Defendants admit that this letter was sent on or about June 16, 2006. This letter speaks for itself, and Defendants objects to Plaintiffs' characterization and paraphrasing of its contents. Defendants deny the remaining allegations in Paragraph 59.

60. Defendants admit that this letter was sent on or about July 14, 2006. This letter speaks for itself, and Defendants objects to Plaintiffs' characterization and paraphrasing of its contents. Defendants deny the remaining allegations in Paragraph 60.

61. The July 14, 2006 letter speaks for itself, and Defendants objects to Plaintiffs' characterization and paraphrasing of its contents. Defendants deny the remaining allegations in Paragraph 61.

62. The July 14, 2006 letter speaks for itself, and Defendants objects to Plaintiffs' characterization and paraphrasing of its contents. Defendants deny the remaining allegations in Paragraph 62.

63. The July 14, 2006 letter speaks for itself, and Defendants objects to Plaintiffs' characterization and paraphrasing of its contents. Defendants deny the remaining allegations in Paragraph 63.

**STANDARD OF REVIEW**

64. Denied.

**COUNT ONE**

65. Defendants restate by reference the preceding responses and objections to Plaintiffs' allegations.

66. Defendants deny that the Amtrak Board "amended the Plan." Defendants deny the remaining allegations in Paragraph 66.

67. Denied.

68. Denied.

**COUNT TWO**

69. Defendants restate by reference the preceding responses and objections to Plaintiffs' allegations.

70. The statute speaks for itself, and no response is required to this allegation. Defendants deny the remaining allegations in Paragraph 70.

71. The regulations speak for themselves, and no response is required to this allegation. Defendants deny the remaining allegations in Paragraph 71.

72. The regulations speak for themselves, and no response is required to this allegation. Defendants deny the remaining allegations in Paragraph 72.

73. The regulations speak for themselves, and no response is required to this allegation. Defendants deny the remaining allegations in Paragraph 73.

74. Denied.

## CLASS ACTION ALLEGATIONS

75. Defendants admit that Plaintiffs have purported to define a class in this manner. Defendants deny the remaining allegations of Paragraph 75.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

## PRAYER FOR RELIEF

In response to the prayer for relief as set forth in paragraphs A through E, Defendants deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, or parts of Plaintiffs' claims, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have no cause of action against the Retirement Plan Committee and its members.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, by Plaintiffs' failure to exhaust the Plan's administrative procedures prior to filing this Class Action Complaint.

FOURTH AFFIRMATIVE DEFENSE

This Court is without subject matter jurisdiction over Plaintiffs' claims, in whole or in part.

FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants complied with their legal obligations under ERISA.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages, if any, are offset by any amounts received pursuant to the terms of their General Release Agreements.

NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are barred, in whole or in part, by the terms of the General Releases that they signed.

TENTH AFFIRMATIVE DEFENSE

Plaintiffs' class action allegations are barred, in whole or in part, because Plaintiffs are unable to meet the requirements for class certification under the Federal Rules of Civil Procedure.

Respectfully submitted,

_______________/s/_______________________

John R. Wellschlager
(Admitted *Pro Hac Vice*)
DLA PIPER US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000

Mark Muedeking
D.C. Bar No. 387812
DLA PIPER US LLP
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2412
Telephone (202) 861-3900
Facsimile (202) 223-2085

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of October 2006, copies of the Defendants' Answer was electronically filed and mailed first class, postage pre-paid, to:

Eli Gottesdiener, Esquire
Gottesdiener Law Firm
498 7th Street
Brooklyn, New York

*Attorney for Plaintiffs*

_________/s_____________________________
John R. Wellschlager