IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WADE F. HALL,<br>  *et al.*,<br><br>             **Plaintiffs,**<br><br>      v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION,<br>  *et al.*,<br><br>             **Defendants.** | Case No.  1: 06-CV-01539 (GK)<br>Next Scheduled Court deadline: N/A |

MOTION TO STAY PROCEEDINGS PENDING
RESOLUTION OF MOTIONS FOR
SUMMARY JUDGMENT IN
RELATED CASE

Defendants National Railroad Passenger Corporation ("Amtrak"), Retirement Plan Committee for the Retirement Income Plan for Employees of National Railroad Passenger Corporation (the "Retirement Plan Committee"), and Retirement Income Plan for Employees of National Railroad Passenger Corporation (the "Plan") (collectively "Defendants") respectfully move this Court for a stay of proceedings in this case.[1] It likely will be unnecessary for the parties to engage in further proceedings in this case once this Court has had an opportunity to rule upon the motions for summary judgment in a related case, *Hall v. National Railroad Passenger Corp.*, Case No. 1:03-CV-01764, Docket Entry No. 85 (GK) ("*Hall I*").  As a result, this case ("*Hall II*") is likely unnecessary and duplicative, and this Court should exercise its

---

[1] As of now, Plaintiffs oppose this motion.  *See* Rule 7(m) Certificate.

discretion to stay all proceedings related to it until this Court has had an opportunity to rule upon the summary judgment motions that the Defendants filed in *Hall I*.

## FACTUAL BACKGROUND

This case, *Hall II*, is primarily a rehash of a claim this Court reviewed as part of *Hall I*. Plaintiffs first made these same basic allegations in Count I of its Second Amended Complaint in *Hall I* that Plaintiffs filed in December 2004. In August 2005, this Court dismissed (without prejudice) that count because Plaintiffs had failed to exhaust the Plan's internal claims process.

In November 2005, Defendants filed a motion for summary judgment as to the claims that were not dismissed, arguing that the case should be dismissed for two reasons. First, the Railroad Retirement Supplement at issue in this case is not a protected benefit under ERISA § 204(g), 29 U.S.C. § 1054(g) and, therefore, the "anti-cutback" provisions of ERISA simply do not apply, as a matter of law. Second, *even if* the Railroad Retirement Supplement is a protected benefit, Amtrak's Board of Directors did not amend the Amtrak retirement plan in July 2001 to include such a supplement. Thus, the Board's decision not to offer that supplement could not be considered a "cutback" for purposes of ERISA § 204(g), 29 U.S.C. § 1054(g). As Defendants stated in their summary judgment motion:

> [In July 2001] [t]he Board of Directors merely delegated its authority to the President and Chief Executive Officer to implement certain proposals, one of which included a Railroad Retirement Supplement that would require an amendment of the Amtrak Retirement Plan. Management never acted upon its delegated authority to amend the Amtrak Retirement Plan to include a Railroad Retirement Supplement, and instead ultimately enacted the proposal approved by the Board of Directors on September 14, 2001. There accordingly was nothing officially in place for the Board of Directors to "cutback" in its September 14, 2001 meeting.

*See Hall I*; Docket Entry No. 85, Defendants' Motion for Summary Judgment at p. 8.[2]

Immediately following this Court's dismissal of Count I, Plaintiffs raised that claim before the Retirement Plan Committee. The Committee denied Plaintiffs' claim. Plaintiffs then appealed this adverse determination to the officer of Amtrak that is designated to adjudicate appeals, Ms. Lorraine Green, Vice President for Human Resources. Ms. Green also denied Plaintiffs' claim.

Plaintiffs then filed this suit, arguing, among other things, that Ms. Green's denial of this claim "is not entitled to any deference for numerous reasons," including alleged conflict of interest. The crux of the complaint in this case (*Hall II*) is that the Board's actions in September 2001 were a nullity and that, as a result, the proposal to amend the plan in July 2001 (which Plaintiffs describe as an actual "amendment") should prevail.

## ARGUMENT

### A.    The Standard for Granting a Stay of Proceedings

This Court has the "inherent power to stay proceedings in control of its docket." *See NL Chemicals, Inc. v. Southern Clay Prods., Inc.*, 704 F. Supp. 299, 300 (D.D.C. 1989) (J. Hens Green). Specifically, this Court has held that "[i]n the exercise of [its] sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and issues are the same." *Id.* (*citing American Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937)).

---

[2] Defendants' dispositive motion in *Hall I* is pending (along with Plaintiffs' own motion for summary judgment).

Thus, in *NL Chemicals*, this Court held that a suit to invalidate claims of an adverse interfering patent should be stayed pending the resolution of interference proceedings before the Patent and Trademark Office when the Patent Office's determination that the Plaintiff has priority would invalidate the Defendant's patent as a matter of law. 704 F. Supp. at 300-01. Likewise, in *Independent Petrochemical Corp. v. Aetna Cas. & Surety Co.*, 672 F. Supp. 1, 6 (D.D.C. 1986), *rev'd on other grounds*, 944 F. 2d 940 (D.C. Cir. 1991), this Court held that a federal action should be stayed pending a resolution of a state court rehabilitation proceeding when it would resolve at least some of the issues in the federal case. *See also Butler v. Dixon*, 177 A.2d 893, 894 (D.C. 1962) (action over right to possession of property stayed pending decision of the United States Court of Appeals in another action which would be determinative of the right of possession).

In deciding whether a stay should be issued pending resolution of another case, this Court considers whether the litigation is potentially "duplicative" or whether it would present "an unwarranted burden of time and expense upon the parties and the Court." *NL Chemicals*, 704 F. Supp. at 300. The District of Columbia Court of Appeals has affirmed that this Court "has broad discretion in granting or denying stays so as to 'coordinate the business of the court efficiently and sensibly.'" *See McSurely v. McClellan*, 426 F.2d 664, 671 (D.C. Cir. 1970) (*quoting Landis v. North American Co.*, 299 U.S. 248, 254-55 (U.W. 1936)).

**B.    Judicial Economy Would Be Served By Deciding Defendants' Second Ground for Summary Judgment In *Hall I* Before Permitting This Case To Proceed Because It Would Moot *Hall II.***

Defendants have argued that, even assuming that the Railroad Retirement Supplement is a "protected benefit," Plaintiffs' claims still fail on summary judgment because the July 2001 action by the Board simply delegated authority to management, rather than authorizing an "amendment" to the Plan, as Plaintiffs' allege. Defendants briefed these issues extensively in their motion papers. *See* Defendants' Memorandum in Support of Motion for Summary Judgment at pp. 22-33; Reply in Support of Summary Judgment Motion at pp. 18-29.

If this Court grants Defendants' summary judgment motion on this alternative ground, the claims in *Hall II* would fail. Plaintiffs are arguing in *Hall II* that the actions of the Amtrak Board in September 2001 were ineffective and that the alleged "amendment" to the Plan in July 2001 should be upheld. If, however, there was no "amendment" in July 2001 then there is no basis for Plaintiffs' claim. Put another way, Plaintiffs' claims in *Hall II* are entirely predicated on the notion that Amtrak's Board amended the Plan in July 2001. This Court should decide Defendants' summary judgment motion before it permits *Hall II* to proceed, if it is necessary.

**C.    The Time And Expense of Litigating *Hall II* Favors Granting A Stay Until This Court Rules Upon Defendants' Motion for Summary Judgment.**

In considering whether a stay should be granted, this Court should weigh the time and expense imposed on the litigants and the Court against any harm that may be imposed by a stay. *NL Chemicals*, 704 F.Supp. at 300-01. If this Court denies the stay both the Court and the litigants will incur considerable expense and costs – costs that can and should be avoided. Plaintiffs would suffer no harm if this Court granted a stay.

## CONCLUSION

For these reasons, Defendants request that this Court stay all proceedings in this case until ruling on Defendants' Motion for Summary Judgment (Docket Entry No. 85) in the related case of *Hall v. National Railroad Passenger Corp.*, Case No. 1:03-CV-01764.

Respectfully submitted,

_____/s/_____
John R. Wellschlager
(Admitted *Pro Hac Vice*)
DLA PIPER US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000

Mark Muedeking
D.C. Bar No. 387812
DLA PIPER US LLP
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2412
Telephone (202) 861-3900
Facsimile (202) 223-2085

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of October 2006, copies of the Defendants' Motion to Stay Proceedings Pending Resolution of Motions for Summary Judgment was electronically filed and mailed first class, postage pre-paid, to:

> Eli Gottesdiener, Esquire
> Gottesdiener Law Firm
> 498  7th Street
> Brooklyn, New York
>
> *Attorney for Plaintiffs*

_____/s_____
John R. Wellschlager