IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WADE F. HALL, <br> HATTIE N. MCCOY-KEMP, <br> VICTORIA F. STATON, <br><br> On behalf of themselves and on behalf of all others similarly situated, <br><br>        Plaintiffs, <br><br> v. <br><br> RETIREMENT INCOME PLAN FOR EMPLOYEES OF NATIONAL RAILROAD PASSENGER CORPORATION, *et al.* <br><br>        Defendants. | No. 06-CV-1539 (GK) <br><br> Class Action <br><br> Next scheduled deadline: <br> November 3, 2006 9:45 a.m. <br> Initial Scheduling Conference |

**PARTIES' JOINT RULE 16.3(d) REPORT**

  Pursuant to Fed. R. Civ. P. 26(f) and Local Rules 16.3(d) and 26.2, the parties hereby submit this report which outlines their Rule 26(f) discovery plan, and provides a succinct statement of the parties' agreements and disagreements as to the fourteen (14) matters set forth in Local Rule 16.3(c). A proposed Order is attached.

  The Court has set November 3, 2006, 9:45 a.m. as the date of the initial scheduling conference in this action. *See* Doc. 7. As a preliminary matter, the parties note that this ERISA putative class action is related to *Hall v. National Railroad Passenger Corp.,* 03-1764 (GK) ("*Hall I*"). The party-plaintiffs and proposed classes are identical in the two actions; the defendants are also substantially the same; and the claims and defenses at issue in both cases arise out of the same or largely the same facts. Accordingly, the parties believe that *Hall II*

should be coordinated with *Hall I* and that a status hearing be held in *Hall I* on November 3, 2006, at the same time the Court convenes the initial scheduling conference in *Hall*.

1. **Case Resolution Via Dispositive Motions.**

This case concerns, among other things, the facts and legal implications of certain actions taken and/or not taken with respect to the Plan on September 14, 2001. The parties believe this case can be resolved via cross-motions for summary judgment. If necessary, trial would be to the Court and be confined to a relatively small number of witnesses.

Defendants answered on October 5, 2006, and do not anticipate filing any motions to dismiss that would dispose of the entire case. However, they have asked the Court to stay proceedings in this matter pending the outcome of the dispositive motions pending in *Hall I*. *See* Doc. 8 (filed October 10, 2006). Plaintiffs oppose such a stay.

2. **Joinder of Other Parties/Amendment of the Pleadings/Narrowing of Issues**

The parties believe joinder of other parties should be governed by the Federal Rules of Civil Procedure. The parties are not currently able to agree or narrow the factual and legal issues involved. Plaintiffs believe they should be permitted to amend their pleadings once without leave of Court up to 30 days following completion of fact discovery. Defendants take no position on this at this time, but believe that Fed. R. Civ. P. 15 should govern any request for leave to amend.

3. **Assignment to a Magistrate Judge**

The parties do not wish the case assigned to a Magistrate Judge other than for the resolution of discovery disputes.

4. **Whether There is a Realistic Possibility of Settlement.**

Plaintiffs believe there is a realistic possibility of settlement if the parties engage the services of a professional mediator and have urged Defendants to mediate since shortly after *Hall I* was filed. Defendants also believe that settlement is always possible, but prefer to review thoroughly Plaintiffs' settlement demand (received October 10, 2006) before committing to a private mediation proceeding.

5. **Whether the Case Could Benefit from ADR.**

The parties are not currently in favor of arbitration or other adversarial forms of dispute resolution in the instant matter but Plaintiffs believe the case might be resolved with the assistance of a skilled mediator. Defendants' position on mediation is as set forth in Item 4 above.

6. **Dispositive Motions.**

The parties agree that the deadline for filing motions for summary judgment should be 45 days after the date for completion of all discovery. The schedule for decision on dispositive motions, and any hearings thereon, should be as set by the Court.

The parties also agree that oppositions should be due 30 days from the date that the dispositive motion is filed, with replies, if any, due 14 days from the date the opposition is filed.

7. **Rule 26(a)(1) Initial Disclosures.**

The parties agree that the initial disclosures required by Rule 26(a)(1) are not necessary in this case.

**8.     Discovery Matters.**

    **A.     Time for Discovery.**

The parties agree that fact discovery should proceed expert discovery. The parties believe that all fact discovery should be completed within nine (9) months from the entry of a scheduling order, with additional time added equal to the time that it takes for any motion to compel or motion for a protective order to be ruled upon once filed.

    **B.     Discovery Topics.**

Plaintiff believes the following subjects, among others, are appropriate for discovery: the facts and circumstances surrounding the actions taken or not taken with respect to the Plan on or about September 14, 2001; the facts and circumstances surrounding the actions taken or not taken with respect to the Plan on or about July 26, 2001 to the extent they remain in dispute; the facts and circumstances surrounding the handling of Plaintiffs' claim for benefits and appeal from the denial of that claim; class certification to the extent class is contested; damages/relief; all matters bearing on any of Defendants' defenses to liability or requested relief.

    **C.     Limits on Discovery.**

Defendants believe that this case should be treated as a claim for benefits under ERISA. The Court's scope of review should be consistent with a standard claim for benefits under ERISA, and the scope of discovery likewise should be limited accordingly. If the pending Motion to Stay is not granted, or upon the lifting of any stay, Defendants intend to request a preliminary ruling on the appropriate standard of review and scope of discovery.

Plaintiffs do not currently see the need for any limits on discovery other than what is contained in the Federal Rules of Civil Procedure and the Local Rules, and deny that the fact that this case includes a claim for benefits exempts it, in whole or in part, from the Federal Rules.

Plaintiffs believe that in advance of discovery a motion for an order seek to abstractly define the appropriate standard of review or to limit the scope of discovery would be premature. Where, as here, the defense will not stipulate to *de novo* review, discovery is necessary before the Court can make an informed determination as to what the correct standard of review should be, and in turn what the scope of discovery should be as well.

        **D.**    **Protective Order.**

Plaintiffs believe that a protective order regarding participants' identities and benefit calculations may be appropriate. Defendants' position will depend on the scope of permitted discovery, but Defendants believe that a protective order with respect to confidential or proprietary information may be appropriate.

**9.**    **Experts.**

The parties propose the following schedules for designation of expert witnesses:

(a)      Plaintiffs will designate their experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures no later than 30 days after completion of fact discovery.

(b)      Defendants will designate their experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures 30 days after receipt of Plaintiff's designations and disclosures.

(c)      Plaintiffs will identify rebuttal experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures within 21 days of the receipt of Defendants' designations and required disclosures.

(d)      The parties will make their experts (along with any person not previously deposed upon whom any expert relies for his or her opinion) available for

5

deposition within 30 days of the designations and disclosures pertaining to that expert.

10. **Motion for Class Certification.**

The parties note that the proposed class here is identical to that proposed in *Hall I*. They further agree that Plaintiffs shall not be required to file their class motion prior to the close of fact discovery and that following the completion of fact discovery the parties will confer and apprise the Court at that time as to how they believe the issue of class certification should be handled. The parties believe decision on the motion for class certification should be as set by the Court and that oral argument on the motion should be had if the Court deems that appropriate.

11. **Bifurcation of Discovery and Trial.**

As noted above, the parties believe fact discovery (including matters bearing on class certification) should precede expert discovery. The parties do not currently envision bifurcation of trial.

12. **Pretrial Conference.**

The parties agree that the final pretrial conference, if any, should be held within 30 days after rulings on dispositive motions.

13. **Trial.**

The parties do not believe the Court need set a firm trial date but should rather at this time provide only that trial, if any, will be set at the final pretrial conference from 30 to 60 days after that conference.

14. **Other matters**

None.

Respectfully submitted,

_____s/Eli Gottesdiener_____
Eli Gottesdiener (D.C. Bar No. 420764)
**Gottesdiener Law Firm, PLLC**
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C. 20016
Telephone:  (202) 243-1000
Facsimile:   (202) 243-1001
eli@gottesdienerlaw.com

*Attorney for Plaintiffs and the proposed Class*

_____s/John R. Wellschlager_____
John R. Wellschlager
**DLA Piper US LLP**
6225 Smith Avenue
Baltimore, Maryland 21209-3600
410-580-4281 (direct dial)
410-580-3281 (direct fax)
john.wellschlager@DLApiper.com

*Attorney for Defendants*