IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WADE F. HALL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION, *et al.*, <br><br> Defendants. | Case No. 1: 06-CV-01539 (GK) <br> Next Scheduled Court deadline: N/A |

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO STAY PROCEEDINGS PENDING
RESOLUTION OF MOTIONS FOR SUMMARY
JUDGMENT IN RELATED CASE**

Defendants respectfully reply to the opposition filed by Plaintiffs to Defendants' motion to stay proceedings pending resolution of the motions for summary judgment in a related case, *Hall v. National Railroad Passenger Corp.*, Case No. 1:03-CV-01764, Docket Entry No. 85 (GK) ("*Hall I*").

### INTRODUCTION

Defendants filed a motion to stay which attempted to explain (in less than six pages) why it makes sense to stay proceedings in this case because this Court's resolution of the pending motions for summary judgment in *Hall I* would likely moot *Hall II*.

In their opposition, Plaintiffs do not dispute Defendants' central premise: that if this Court agrees with Defendants that the action by the Board in July 2001 simply delegated

authority to management, rather than authorized an "amendment" to the Plan (as Defendants already have argued in their summary judgment motion in *Hall I*), then both *Hall I* and this case, *Hall II*, must be dismissed.[1]

Moreover, Plaintiffs misrepresent the holding of *Landis v. North Am. Co.*, 299 U.S. 248 (1936), suggesting that the United States Supreme Court has created some impossibly high standard for the issuance of litigation stays. Opposition at pp. 1-2. No such standard exists, and Plaintiffs failed to quote to this Court the language in *Landis* that is most relevant to this case.

Then Plaintiffs cut and paste from their summary judgment papers in *Hall I*, arguing (again) that, in their opinion, Defendants should not win on summary judgment. Opposition at pp. 11-17. Defendants submitted an entire summary judgment arguing that the July 2001 authorization was not an amendment, and Plaintiffs drafted an entire opposition arguing against that position. This is not a "speculative" or "attenuated" argument as Plaintiffs suggest. Opposition at p. 11. Rather, it is a basis that compels summary judgment in Defendants' favor in *Hall I* and the mooting of *Hall II*.

Plaintiffs' opposition obscures the simplicity and efficiency of Defendants' request. Resolution of the pending issues in *Hall I* likely will dispose of the issues raised in *Hall II*. It simply makes no sense to proceed with *Hall II* when such is the case. If and when the claim for

---

[1] Conversely, if this Court grants summary judgment *for Plaintiffs* in *Hall I* then *Hall II* would also be moot.

benefits set forth in *Hall II* becomes a viable avenue for Plaintiffs' requested relief, which may never happen, the parties can take up that case.

## ARGUMENT

A. **This Court May Grant A Stay At Its Discretion and Manage Its Own Docket; The United States Supreme Court Has Never Limited That Power To Some "Extremely High Standard."**

Especially "where the parties and the issues are the same," this Court has the inherent power to stay proceedings in controlling its own docket and can hold "one lawsuit in abeyance to abide the outcome of another." *See NL Chemicals, Inc. v. Southern Clay Prods., Inc.*, 704 F. Supp. 299, 300 (D.D.C. 1989) (J. Hens Green) (*citing American Life Ins. Co. v. Stewart*, 300 U.S. 203 (1937)).

Neither the United States Supreme Court nor this Court has ever held, however, that there is some "extremely high standard" for granting stay motions, as Plaintiffs state. Opposition at p. 2. Plaintiffs quote *dicta* from *Landis* to suggest that the Supreme Court has created such a high standard; however, Plaintiffs fail to quote the entire passage which makes clear that the Supreme Court is referring to a case where an action filed by a different litigant (i.e. a "stranger") is stayed pending resolution of another action. Specifically, the *Landis* Court stated:

> ... [W]e found ourselves unable to assent to the suggestion that before proceedings in one suit may be stayed to abide the proceedings in another, the parties to the two causes must be shown to be the same and the issues identical. ... [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. ... True, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to

3

> someone else. ***Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.*** Considerations such as these, however, are counsels of moderation rather than limitations upon power. ... ***[S]ome courts have stated broadly that there is no power by a stay to compel an unwilling litigant to wait upon the outcome of a controversy to which he is a stranger. ... Such a formula, as we view it, is too mechanical and narrow.***

*Landis*, 299 U.S. at 254-55 (emphasis added).

The language in *Landis* about the requirement of showing "hardship" or "inequity" before issuing a stay is limited to circumstances where litigation involving different individuals is stayed pending resolution of another case – the Court in *Landis* assumed that when "the parties to the two causes [are] the same," this type of "hardship" and "inequity" analysis does not exist. Plaintiffs do not cite a single case interpreting *Landis* as holding that a moving party must prove hardship to receive a stay when the litigants in the two causes are identical or when the issues are the same. Such an interpretation of *Landis* is contrary to the plain language of the decision.

*Hall II* involves the same litigants as *Hall I*. Further, in *Hall I*, all of the litigants agreed that this case can and should be resolved on summary judgment. Defendants filed a motion for summary judgment, and Plaintiffs did too.

> **B.    Plaintiffs Will Suffer No Hardship if the Court Stays *Hall II***

Plaintiffs make it clear in their opposition that they view *Hall II* as yet another summary judgment case. What Plaintiffs gloss over, however, is that the question of whether an amendment took place on July 26, 2001 will need to be adjudicated in *Hall II* before the Court can address the validity of the September 14, 2001 board consents. So Plaintiffs envision a campaign of new briefs and discovery in *Hall II* that in part cover the exact same issue pending

4

in *Hall I*. Such an approach is not only nonsensical, but also backwards. In any event, if Plaintiffs see *Hall II* as a simple summary judgment case, they suffer no hardship by waiting for the Court's ruling on the threshold issues that remain open in *Hall I*.

In light of these summary judgment motions, *Hall II* is "duplicative" and "an unwarranted burden of time and expense upon the parties and the Court," *NL Chemicals*, 704 F. Supp. at 300. This Court should exercise its sound discretion and stay all proceedings.

### C.  Defendants' Summary Judgment Motion Has Merit.

In *Hall I*, Defendants explained why the July 2001 authorization by the Board did not constitute an amendment. *See* Defendants' Memorandum in Support of Motion for Summary Judgment at pp. 22-33. Plaintiffs apparently want to rebrief the *Hall I* summary judgment papers in the stay paper of *Hall II* because they have summarized their summary judgment opposition in their opposition to this motion. *See* Opposition at pp. 11-17.

Instead of responding to Plaintiff's argument of the merits in this Reply, Defendants will refrain and respectfully refer this Court to its Reply in *Hall I*. *See* Reply in Support of Summary Judgment Motion at pp. 18-29.

## CONCLUSION

For these reasons and the reasons provided in the motion to stay, Defendants request that this Court stay all proceedings in this case until ruling on Defendants' Motion for Summary Judgment (Docket Entry No. 85) in the related case of *Hall v. National Railroad Passenger Corp.*, Case No. 1:03-CV-01764.

Respectfully submitted,

_____/s/_____
John R. Wellschlager
(Admitted *Pro Hac Vice*)
DLA PIPER US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000

Mark Muedeking
D.C. Bar No. 387812
DLA PIPER US LLP
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2412
Telephone (202) 861-3900
Facsimile (202) 223-2085

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 2, 2006 copies of the Defendants' Reply to Opposition to Motion to Stay Proceedings Pending Resolution of Motions for Summary Judgment was electronically filed and mailed first class, postage pre-paid, to:

>Eli Gottesdiener, Esquire
>Gottesdiener Law Firm
>498 7th Street
>Brooklyn, New York
>
>*Attorney for Plaintiffs*

>_____/s_____
>John R. Wellschlager