**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WADE F. HALL,<br>HATTIE N. MCCOY-KEMP,<br>VICTORIA F. STATON,<br><br>On behalf of themselves and on<br>behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RETIREMENT INCOME PLAN FOR<br>EMPLOYEES OF NATIONAL RAILROAD<br>PASSENGER CORPORATION, *et al.*<br><br>Defendants. | :<br>:<br>:<br>:<br>:  No.  06-CV-1539 (GK)<br>:<br>:  Class Action<br>:<br>:  Next scheduled Court deadline:<br>:  Defense opposition/cross-motion<br>:  February 15, 2006<br>:<br>:<br>:<br>:<br>:<br>: |

## DECLARATION OF ELI GOTTESDIENER

I, Eli Gottesdiener, hereby declare, under penalties of perjury as follows:

I am a shareholder of the Gottesdiener Law Firm, PLLC and counsel for the named Plaintiffs in the above-referenced action.  I am member of the District of Columbia bar and admitted to the bar of this Court.   The matters set forth below are within my personal knowledge.

Unless otherwise stated all documents identified below as Exhibits (and in Plaintiffs' brief as Exhibits ("Ex. _")) were obtained from Defendants in discovery in either *Hall I* or *Hall II* and I have personal knowledge that a chain of custody was preserved and documents and the packages in which they arrived were not apparently tampered with.  All of the below listed documents are true and correct copies of what they purport to be and as I received from

Defendants except as otherwise stated or clearly indicated (as in the case of participant names which were redacted down to first and last initials for the sake of their personal privacy) .

Bates labeling of "AMT _" and "E-AMT _" signifies Bates labeling of the documents performed by Defendants prior to the production to Plaintiffs.

I have personally reviewed all of the documents produced in *Hall I* and *Hall II,* often on multiple occasions.  To the best of my knowledge, Defendants in neither *Hall I* nor *II* produced any documents stating, suggesting or implying that Amtrak or any Amtrak director, officer, employee, or lawyer believed in 2001 that on July 26 the Board had merely delegated to management the discretionary authority to amend the Pension Plan to add a VERP or not, or to exercise discretionary authority with respect to the VERP's design.  Defendants also produced no documents in which Amtrak states, suggests or implies that on September 14 the Board did not amend the Pension Plan or VERP but rather it amended only its previously delegated authority given to management to make discretionary amendments to the Pension Plan or VERP.

## **EXHIBITS**

1.      **Exhibit 1** is a copy of The Retirement Income Plan for Employees of National Railroad Passenger Corporation (the "Plan"), as restated through December 30, 1994, together with five purported amendments thereafter.  The 1994 restated Plan, as amended or purportedly amended, continues to serve as the Pension Plan's basic plan document and was the basic plan document in existence on July 26, 2001.[1]  A copy of the basic Plan document restated through 1994 without amendments, was attached in an un-Bates labeled form to the original Complaint in

---

[1] Defendants confirmed this recently by responding to Plaintiffs' discovery demand in *Hall II,* dated October 11, 2006, Request No. 24, requesting that Defendants produce all plan documents required to be produced to participants under ERISA §§ 104(b)(2), (b)(4), 29 U.S.C. §§ 1024(b)(2), (b)(4), which Plaintiffs did not already received from Defendants in *Hall I.*  In response, on December 22, 2006, Defendants forwarded a copy of purported Amendment V, dated December 21, 2005, thus confirming that Amtrak continues to use the 1994 Plan as restated as its basic plan document.

*Hall I* as Ex. 1 and authenticated by the *Hall I* Defendants. *See Hall I* Ans. ¶ 35.[2] An identical version of the restated Plan, through 1994 without amendments or purported amendments is attached hereto as Bates labeled AMT 786-870.

There is, as far as Plaintiffs are aware, no issue disputed pertaining to the Plan document as restated through the end of 1994. The disputes here concern one or more amendments. Plaintiffs have attached to the restated Plan, following AMT 870, five groupings of documents, corresponding to the only five purported amendments to the basic plan document which have occurred since 1994 which Defendants recognize. These Amendments or purported Amendments are "I," "II," "III," "EGTRRA Amendment" (which would be IV), and "V."

Plaintiffs submit that all or a portion of Amendment II is not valid, and the collection of amendments presented here is incomplete because it omits the July 26, 2001 amendment to the Plan to add the VERP with the Railroad Retirement Supplement. The five amendments Defendants recognize are attached together with the Amtrak Board Resolutions (and incorporated Executive Summaries) relating to them as produced to Plaintiffs in sequential Bates numbered order three years ago in connection with *Hall I,* separated by a blank sheet of paper inserted by Plaintiffs.

2. **Exhibit 2** is a copy of Amtrak's Articles of Incorporation, dated March 30, 1971, as amended through February 1999 together, together with a D.C. government-issued Certificate of Good Standing, dated January 2, 2003, bearing Bates Nos. AMT0005537-49.

3. **Exhibit 3** is a copy of the official Resolutions of the Board from September 14, 2001, bearing Bates Nos. AMT0015058-67, taken from the Corporation's formal Resolutions

---

[2] Also attached were two unsigned and un-Bates labeled purported amendments, "Amendment I" and "Amendment II." They are not attached hereto but identical copies, albeit signed and Bates labeled are so attached as explained further in this Paragraph 1.

3

Books, according to representations made by defense counsel (see Ex. 4), and as appears from an inspection of the documents themselves.

4.      **Exhibit 4** is a copy of a letter dated April 7, 2004 that I received from defense counsel in connection with *Hall I,* covering the production of copies of Amtrak's Board Resolution Binders covering the period 1/92 to 12/03, bearing Bates Nos. AMT0014308-15234.

5.      **Exhibit 5** is a copy of Amtrak's Bylaws, bearing Bates Nos. Committee 02679-02714, approved and adopted as of December 14, 2000, and in effect (as appears from an inspection of other dated versions of the Bylaws) as of July 26, September 14, and November 30, 2001.

6.      **Exhibit 6** is a Powerpoint presentation, bearing the Bates numbers AMT(AON)000486-510, created by Aon Consultants, actuarial consultants to Amtrak, relative to the design of the VERP.

7.      **Exhibit 7** is an email dated May 17, 2001 from Warren Reisig to Lorraine Green and Paula Porter regarding the Early Retirement Window-Plan and Statement of Policy Requirements, bearing Bates No. E-AMT0023539.

8.      **Exhibit 8** is a May 14, 2001 memo from Mr. Reisig to Ms. Porter regarding the Savings Plan Match, bearing Bates Nos. E-AMT0023647.

9.      **Exhibit 9** is an extract from the Amtrak Savings Plan, a copy of which I obtained directly from Amtrak.

10.     **Exhibit 10** is an email dated May 25, 2001 from Aon to Mr. Reisig regarding a VERP proposal, bearing Bates No. E-AMT0009735.

11.     **Exhibit 11** contains various copies of a single-page document created by Warren Reisig, bearing Bates Nos. E-AMT0029053-54 and AMT 018410, created and modified on or

4

about September 9, 2001 by Mr. Reisig or someone using his computer according to metadata produced along with the images of E-AMT0029053-54.

12.     **Exhibit 12** is a July 16, 2001 email from an Aon employee, Helen Reynolds, reflecting statements made by Warren Reisig regarding Amtrak's intentions regarding the VERP pending Board approval, bearing Bates No. AMT007086.

13.     **Exhibit 13** is a document dated July 16, 2001 entitled "Staff Reduction Options" bearing Bates Nos. E-AMT0017184-85. Metadata Defendants produced with an image of this document shows that it is an Amtrak document created or modified on the date in question by Mr. Reisig or someone using his computer.

14.     **Exhibit 14** is a copy of the transcript of the deposition I took of John Carten on April 12-13, 2004.

15.     **Exhibit 15** is a copy of the transcript of the deposition I took of Alicia Serfaty on April 14, 2004.

16.     **Exhibit 16** is an extract of a briefing book sent to Amtrak Board members in advance of the Board's July 26, 2001 meeting, bearing Bates Nos. AMT001555 and 1580-83.

17.     **Exhibit 17** are the official minutes of the July 26, 2001 Meeting of the National Railroad Passenger Corporation Board of Directors, bearing Bates Nos. AMT005015-5033.

18.     **Exhibit 18** consists of two documents establishing the identities of the members of Amtrak's Board of Directors on July 26, 2001, September 14, 2001 and other dates of relevance or possible relevance to this action. The first document, E-AMT 3418-19, is an Amtrak-created then-current list, dated April 17, 2003, reflecting the identities of all but one of the directors serving in 2001.[3] The second document is a letter from defense counsel to me dated

---

[3] E-AMT 3418-19 does not reflect the directorship of George Warrington, because he was no longer a director as of 2003.

January 16, 2004 representing that the persons listed on pp. 2-4 are among the current and former members of the Amtrak Board from 1995 to 2003. On p. 4, counsel represents that George Warrington was an Amtrak Director from December 1997 to April 2002.[4]

19.     **Exhibit 19** is an Executive Summary dated July 26, 2001 regarding Management Severance and Separation Plans, attached to the *Hall I* Complaint as Ex. 2 which Defendants admitted in their Answer was authentic.

20.     **Exhibit 20** is an Executive Summary dated July 26, 2001 regarding Management Severance and Separation Plans, bearing Bates Nos. AMT000040-42. A review of the hard-copy discovery and electronic discovery provided by Defendants indicates that there is doubt as to which version of the Executive Summary the Directors received on July 26, although the two documents do not differ in any material way.[5]

21.     **Exhibit 21** is an August 31, 2001 email from James Lloyd to Mr. Reisig, Ms. Green, Mr. Herrmann and others regarding the cost of various VERP options, bearing Bates No. AMT007572, stating the Plan's surplus as of July 31, 2001 as being $35 million.

22.     **Exhibit 22** is a copy of the Board Resolutions of July 26, 2001, bearing Bates No. AMT000039.

---

[4] In addition to these two documents, the identities of the then-current Amtrak Board members can also be found on page 1 of the official meeting minutes comprising Exs. 17 and 51.

[5] For example, in response to the IRS's request to know more about what had transpired on July 26, Mr. Reisig forwarded to ERISA counsel for review and re-forwarding to the IRS *both* versions of this document, *i.e.,* Ex. 19 and Ex. 20. *See* Ex. 72. A review of imaged drafts of what became the final version of the July 26 Executive Summary, together with the metadata associated, also suggests that Ex. 20 evolved from Ex. 19 and is the document that the Board was provided. Finally, a document from September 2001 from Mr. Herrmann to Mr. Reisig in anticipation of the Board meeting scheduled for September 12 discusses presenting information to the Board in the same manner as had been done previously and is phrased in such a way as to be consist with Ex. 20 and not Ex. 19 having been given to the Board.

6

23.     **Exhibit 23** is an Employee Advisory from George Warrington dated July 27, 2001, attached to the *Hall I* Complaint as Ex. 4 which Defendants admitted in their Answer in was authentic.

24.     **Exhibit 24** is an article from the *Boston Herald* dated July 29, 2001 entitled "Report: Empty Seats Plague N.Y.-to-Hub Acela Line."

25.     **Exhibit 25** is a letter from Lorraine A. Green dated July 30, 2001, sent to all Amtrak employees eligible for the VERP, attached to the *Hall I* Complaint as Ex. 6 which Defendants admitted in their Answer was authentic.

26.     **Exhibit 26** is the Intranet posting July 30, 2001, attached to the *Hall I* Complaint as Ex. 5 which Defendants admitted in their Answer was authentic.

27.     **Exhibit 27** is an email dated August 1, 2001 from Mr. Reisig to Pension Plan participant "AJ" regarding the VERP, bearing Bates No. AMT000185.

28.     **Exhibit 28** is an email dated August 1, 2001 from Mr. Reisig to Pension Plan participant "LW" regarding the VERP, bearing Bates Nos. E-AMT0031800.

29.     **Exhibit 29** is an email dated August 1, 2001 from Mr. Reisig to Pension Plan participant "EM" regarding the VERP, bearing Bates No. E-AMT0031801.

30.     **Exhibit 30** is an email dated September 20, 2001 to Mr. Reisig from Pension Plan participant "ST" regarding the VERP, bearing Bates No. E-AMT0029960.

31.     **Exhibit 31** is an email dated August 6, 2001 from Mr. Reisig to Pension Plan participant "ST" regarding the VERP, bearing Bates No. E-AMT0013662.

32.     **Exhibit 32** is an email sent by Warren Reisig to Pension Plan participant "BH" on August 6, 2001 regarding the VERP, bearing Bates No. E-AMT0013664.

33.     **Exhibit 33** is an email dated August 9, 2001 from Mr. Reisig email to Ms. Porter and David Narsavage regarding the Q&A to be posted on Amtrak's Intranet about the VERP, bearing Bates No. E-AMT0014267.

34.     **Exhibit 34** is an email from Amtrak's outside ERISA counsel to Warren Reisig dated August 9, 2001, concerning a sample letter to send to participants regarding the VERP.

35.     **Exhibit 35** is a privilege log, created by defense counsel, provided to Plaintiffs in *Hall I* on or about August 11, 2005.

36.     **Exhibit 36** is a letter dated August 10, 2001 from Mr. Reisig to participant "JB," carbon copying Mr. Herrmann, regarding the VERP, bearing Bates No. E-AMT0023506. Defendants in neither *Hall I* or *II* produced any document indicating that Amtrak's Deputy General Counsel for Labor and Employment William Herrmann or HR Vice President Lorraine Green expressed any disagreement with any of the statements contained in the letter to JB, in any further communications with JB or any other communications regarding these matters prior to the initiation of litigation in *Hall I*.

37.     **Exhibit 37** is a letter dated August 14, 2001 from Mr. Reisig to Pension Plan participant "BB," carbon copying Mr. Herrmann, regarding the VERP, bearing Bates No. E-AMT0017153.

38.     **Exhibit 38** is an email dated August 10, 2001 from Mr. Reisig to Pension Plan participant "LZ" regarding the VERP, bearing Bates No. E-AMT0014276.

39.     **Exhibit 39** is an August 13, 2001 document entitled "Early Retirement Frequently Asked Questions" for Intranet, attached to the *Hall I* Complaint as Ex. 8 which Defendants admitted in their Answer is authentic.

40.     **Exhibit 40** is an email dated August 13, 2001 from Mr. Reisig to Pension Plan participant "EA" regarding the VERP, bearing Bates No. E-AMT0031892 and an August 13, 2001 document in which Mr. Reisig responds to questions from participant "LH" bearing Bates No. E-AMT0013681.

41.     **Exhibit 41** is an email dated August 16, 2001 from Mr. Reisig to participant "JJ" regarding the VERP, bearing Bates Nos. E-AMT0028018-19.

42.     **Exhibit 42** is an email dated August 16, 2001 from Mr. Reisig to Pension Plan participant "AF" regarding the VERP, bearing Bates Nos. E-AMT0031904-05.

43.     **Exhibit 43** is an email dated August 16, 2001 from Mr. Reisig to Ms. Green and Mr. Herrmann forwarding the VERP booklet to be sent to employees eligible to participate in the VERP, bearing Bates Nos. E-AMT 31941-57, with blank pages E-AMT 31942, 56-57 omitted.

44.     **Exhibit 44** is an email dated August 16, 2001 from Mr. Reisig to Treasurer Dale Stein regarding the VERP, bearing Bates No. E-AMT0014291.

45.     **Exhibit 45** is an email dated August 22, 2001 from Mr. Reisig to participant "GB" regarding the VERP, bearing Bates Nos. E-AMT0031963-64.

46.     **Exhibit 46** is an email dated August 22, 2001 from Mr. Reisig to Pension Plan participant "TS" regarding the VERP, bearing Bates No. E-AMT0031965.

47.     **Exhibit 47** is a set of two letters, dated August 23 and August 27, 2001, from Mr. Herrmann to participant "BPB" carbon copying Mr. Warrington, regarding the VERP. The letters bear Bates Nos. E-AMT0023343-44 and 23339-340. From materials produced in discovery, it appears neither Mr. Warrington nor General Counsel Lloyd ever dissented from any of Mr. Herrmann's statements made in Ex. 47 or like statements.

48. **Exhibit 48** is string of emails from Ron DeStefano to Charles M. Kramer, both of Aon, contemporaneously reporting statements made by Amtrak officials Herrmann and Reisig, on August 24 and 27, 2001, bearing Bates Nos. AMT(AON)000379-380.

49. **Exhibit 49** is an email dated August 29, 2001 from Mr. Reisig to Arlene Friner, Lorraine Green and others forwarding a single-page document purporting to provide an "Update" regarding the VERP, bearing Bates Nos. AMT007548-49. From material produced in discovery, it is apparent that management did not provide the Board with a copy of the "Update" on August 30 or at any time thereafter, and also did not disclose to the Board until September 14, 2001 that it had discovered that Amtrak and/or Aon had underestimated the cost of the Railroad Retirement Supplement. No such statement is made here or in any materials provided to the Board on September 14.

50. **Exhibit 50** is an extract of a briefing book sent to Directors in advance of the Board's August 30, 2001 meeting.

51. **Exhibit 51** is the minutes from the August 30, 2001 Meeting of the National Railroad Passenger Corporation Board of Directors, bearing Bates Nos. AMT005004-5014.

52. **Exhibit 52** is an email dated August 30, 2001 from Mr. Reisig to Pension Plan participant "BM" regarding eligibility for the VERP, bearing Bates Nos. E-AMT0031994-95.

53. **Exhibit 53** is a letter dated September 5, 2001 from Stanley Bagley to Pension Plan participant "BB" regarding the VERP, bearing Bates Nos. E-AMT0023341-42.

54. **Exhibit 54** is a letter dated September 6, 2001 to Board Members forwarding materials and a memo from Mr. Warrington to the Management Committee inviting all to a reception with the Board Members, bearing Bates Nos. E-AMT 5617-24.

55.     **Exhibit 55** is an email dated September 7, 2001 from Mr. Reisig to Ms. Friner and an email dated September 10, 2001 from Valerie Samuel to Mr. Reisig regarding upcoming VERP conference calls, bearing Bates Nos. E-AMT0014317 and E-AMT0013949.

56.     **Exhibit 56** consists of two documents.  The first is an email dated September 11, 2001, from Aon to Vanguard reflecting that a decision had been made to amend the VERP in the manner attempted on September 14 by the morning of September 11, prior to the time terrorists struck the World Trade Center, bearing Bates No. E-AMT0029058.  The second document is a draft set of Resolutions bearing the date "9-12-01" prepared in anticipation of a Board meeting on September 12, bearing Bates No. E-AMT 23758-60, that further confirms before the events of 9-11 a final decision had been taken:  the insertion of "9-12-01" would not have been made anytime shortly after the terrorist attack since all concerned knew or would have known the in person Board meeting the next morning would not take place.

57.     **Exhibit 57** is a copy of the transcript of the deposition I took of A. Linwood Holton on November 19, 2004.

58.     **Exhibit 58** is a set of two emails exchanged on September 11, 2001 between Aon and Amtrak and bears Bates Nos. E-AMT0013984 and AMT(AON)000049.

59.     **Exhibit 59** is a copy of the fax cover sheets and related materials forwarded to some Board members and Mr. Jackson on September 14, 2001bearing Bates Nos. AMT007283-96.  Plaintiffs received an assurance that Ms. de Leon personally signed a consent but do not recall any representations as to how she transmitted her consent to Amtrak or an explanation for the marks appearing on the form.  Amtrak represented that it is unable to find fax cover sheets for Governor Dukakis, Mayor Smith or Ms. de Leon.

60.     **Exhibit 60** is a set of documents which Defendants represented to Plaintiffs were "Signed By" Board members including Governor Holton which fact was untrue but unknown to Plaintiffs at the time, bearing Bates Nos. AMT007270-79.

61.     **Exhibit 61** is a letter to Amtrak employees signed by Lorraine Green, dated September 14, 2001, attached to the *Hall I* Complaint as Ex. 10 which Defendants admitted in their Answer was authentic.

62.     **Exhibit 62** is a compilation of protest and/or complaint letters and emails from some three dozen VERP-eligible employees and participants after the VERP cutback was announced, bearing Bates Nos. AMT001523, 1527, 1529-35, 1537-39, 1541-43, 1545-54, 2186, 2190, 2195, 2211, 7078-81.

63.     **Exhibit 63** is a document entitled "VERP 2001 Date of First Payment" bearing Bates Nos. AMT018509-10, showing the participants who elected the reduced VERP and the date payment of their $15,000 one-time lump sum distribution was made from the Pension Plan's assets.

64.     **Exhibit 64** is a document entitled "Voluntary Early Retirement Window Fact Sheet" bearing Bates No. AMT007544.

65.     **Exhibit 65** is an email dated October 22, 2001 from Mr. Reisig to Pension Plan participant "PH" regarding VERP benefits, bearing Bates Nos. E-AMT 10314-15.

66.     **Exhibit 66** is a set of three letters dated November 7, 2001 from Mr. Reisig to inactive employees, copying Acting Chairman of the Board, Michael Dukakis, and Mr. Warrington, bearing Bates Nos. E-AMT0023448-49, 3467-68 and 3501-02.  Nothing disclosed to Plaintiffs in discovery suggests that Governor Dukasis or Mr. Warrington or anyone else at Amtrak disagreed with Mr. Reisig's characterization of the facts.

67.     **Exhibit 67** is an email exchange dated September 24-25, 2001 between Amtrak Deputy General Counsel William Herrmann and participant "PB," copying Mr. Reisig, bearing Bates Nos. E-AMT0005716-17.

68.     **Exhibit 68** is a further email exchange on October 18, 2001 between Mr. Herrmann and participant "PB", copying Mr. Reisig.  Substantially identical copies of these emails were attached to the original Complaint as Ex. 13 and authenticated in Defendants in their Answer in *Hall I*, *see* Defs. Ans. ¶ 35.

69.     **Exhibit 69** is the document signed November 30, 2001, by Amtrak's Vice President for Human Resources, Lorraine Green, which Defendants contend is the sole document amending the Pension Plan with the VERP in 2001, bearing Bates Nos. AMT000731-34.  A copy of this document was attached to Defendants' Motion for Summary Judgment, filed November 1, 2005, as Exhibit C.  An identical copy, without Bates numbering, was attached to the *Hall I* Complaint as Ex. 12 which Defendants admitted in their Answer was authentic.

70.     **Exhibit 70** is a letter dated February 28, 2002 from Amtrak's outside counsel to the Internal Revenue Service bearing Bates Nos. AMT001378-391.

71.     **Exhibit 71** is a facsimile dated August 1, 2003 from an IRS agent to Amtrak's counsel, bearing Bates No. AMT002218.[6]

72.     **Exhibit 72** is a copy of a 36-page fax, as produced by defendants, from Reisig to outside counsel, bearing Bates Nos. AMT001397-1422.

73.     **Exhibit 73** is a letter dated August 14, 2003 from Amtrak's ERISA counsel to IRS field agent, bearing Bates Nos. AMT001392-94.

---

[6] Neither Plaintiffs nor undersigned counsel (or anyone acting on any of their behalves) had anything to do with the IRS' discovery of the July 26 Board action.  In early 2002, an aggrieved participant apparently informed the IRS that the Board acted on July 26 with respect to the VERP.  Undersigned counsel had no prior involvement in this matter prior to 2003.

74. **Exhibit 74** is a copy of the Plan's favorable determination letter, April 27, 2004, bearing Bates Nos. AMT017986-92.

75. **Exhibit 75** is a Resolution, the minutes from the Board of Directors meeting and the Executive Summary, dated December 8, 1999, regarding the GUST amendment discussed in Plaintiffs' brief. These documents bear Bates Nos. E-AMT0017719-20, AMT016486, 6512-14 and E-AMT0017262-63.

76. **Exhibit 76** is a compilation of the correspondence and related materials relating to Plaintiffs' claim for benefits, denied on appeal by letter dated July 14, 2006 by Lorraine Green.

77. **Exhibit 77** is a document dated December 13, 2002 containing among other things a testimonial to Governor Holton by Mayor Smith, bearing Bates Nos. E-AMT0003329.

The foregoing statement is made under penalty of perjury and is true and correct to the best of my knowledge and belief.

Dated: January 16, 2007

                                                    /s/ Eli Gottesdiener
                                               Eli Gottesdiener