**Exhibit 68**

-----Original Message-----
**From:**    Herrmann, William
**Sent:**    Thursday, October 18, 2001 6:02 PM
**To:**      B      P
**Cc:**      Reisig, Warren
**Subject:** RE: Changes in the VERP from July 30 to September 14

P    ,

Without getting into technical details, I think you generally have the picture.  I don't necessarily agree with your 4th point, but it is irrelevant for what has taken place since it didn't happen.  I also want to be clear that I didn't say that the reduction in the funding levels was the <u>only</u> reason for the decision - but I believe it was a significant factor.

I hope this helps.

Byl Herrmann

>     -----Original Message-----
> **From:**       B      , P
> **Sent:**       Thursday, October 18, 2001 5:27 PM
> **To:** Herrmann, William
> **Cc:** Reisig, Warren
> **Subject:**       RE: Changes in the VERP from July 30 to September 14

If not a slow learner, at least a medium and not a fast learner. I think your explanation is helping me circle in for a landing.
If I understand correctly:
1. The retirement plan was amended with the VERP described on July 30
2. The plan was amended with the September 14 VERP which replaced/superseded the July 30

amendment

3. The reason for the September 14 amendment was "*given the reduction in funding levels as a result of stock market investments since the beginning of the year, it would have been incredibly imprudent to proceed with the original VERP. The cost of the VERP would have so negatively impacted the Pension Plan that the VERP simply had to be modified.*" Am I to assume this change was made to exercise the proper fiduciary oversight of the plan for the beneficiaries?

4. Any and all plan amendments relating to the July 30 VERP could have been made prior to September 15 but not during the window of September 15-October 31

I appreciate your trying to clear this up in my mind and hopefully I have not crash landed in the above.

Phil

-----Original Message-----
| | |
|---|---|
| **From:** | Herrmann, William |
| **Sent:** | Thursday, October 18, 2001 3:51 PM |
| **To:** | B    , P |
| **Cc:** | Reisig, Warren |
| **Subject:** | RE: Changes in the VERP from July 30 to September 14 |

P

You are definately not a slow learner. You have asked a new question which I would not expect you to know the answer to. If I understand your question, you want to know whether it was legal for Amtrak to modify the VERP. The answer is yes.

The federal law regulating these kinds of programs -- or plans -- is the Employee Retirement Income Security Act, commonly known as ERISA. ERISA does many things to safeguard employee benefits, but ERISA also does not require that an employer give its employees *any* benefits and it does not prevent an employer from modifying those benefits that it does decide to give.

The VERP is an ERISA plan and therefore subject to the requirements of ERISA. Under ERISA, plan sponsors (employers) may amend a plan -- or even eliminate a plan all together. In doing so, the plan participants must be notified of this change. That is what occured in this case. The original VERP was amended resulting in the modified VERP that is currently being offered. And yes, Warren was correct when he said Amtrak could have decided to abandon the Plan altogether. Rather than do that, Amtrak decided to modify the Plan so that the original eligible employees would still be eligible for an early retirement benefit, albeit a lesser one.

P   , I understand your frustration at the change that was made. You should know that the decision to amend the VERP was made very carefully and with an understanding that many people would be disappointed. However, given the reduction in funding levels as a result of stock market investments since the beginning of the year, it would have been incredibly imprudent to proceed with the original VERP. The cost of the VERP would have so negatively impacted the Pension Plan that the VERP simply had to be modified.

Byl Herrmann

**From:**      E     , F
**Sent:**      Thursday, October 18, 2001 2:31 PM
**To:**        Herrmann, William
**Subject:**   Changes in the VERP from July 30 to September 14

Bill,
Thanks for the earlier answers. I apologize if I am a slow learner, but can you explain the legal basis for the changes
in the VERP package from the July 30 version to the September 14 version. Was Warren correct when he told me that
the entire VERP could not only be changed but totally withdrawn between July 30 and September 14?
Your help in understanding the series of events would be appreciated. In the current atmosphere, it would help some
of us to understanding the company's thought process on this subject.
Thanks,
P

**Exhibit 69**

# EXHIBIT C

Amendment II

to

Retirement Income Plan for Employees of
National Railroad Passenger Corporation

National Railroad Passenger Corporation wishes to amend the Retirement Income Plan for Employees of National Railroad Passenger Corporation (the "Plan") to add an early retirement window.

Pursuant to Section 13.01 of the Plan, the Plan is hereby amended, effective September 15, 2001, as follows:

First Change. Section 4.06 is replaced with the following:

4.06    VOLUNTARY EARLY RETIREMENT PLANS.  From time to time, the Employer may offer enhanced benefits to eligible Participants who separate from service with the Employer within a given time period or after meeting specific criteria.  The terms and conditions of any such enhanced benefits are set forth in Exhibits to the Plan.  Such enhanced benefits will never be less than the benefit the Participant would have received under the otherwise applicable terms of the Plan.

Second Change.  A new Exhibit A setting forth the provisions of the 1994 Voluntary Early Retirement Plan is added to the Plan to read as attached hereto.

Third Change.  A new Exhibit B setting forth the provisions of the 2001 Voluntary Early Retirement Plan is added to the Plan to read as attached hereto.

IN WITNESS WHEREOF, National Railroad Passenger Corporation has caused this instrument to be duly executed in its name and on its behalf on this _30th_ day of _November_ , 2001.

National Railroad Passenger Corporation

By: _Lorraine A. Gr_____

**EXHIBIT A**

**1994 VOLUNTARY EARLY RETIREMENT PLAN**

<u>Eligibility</u>

Effective August 19, 1993, an Active Participant who attains his Early Retirement Date as defined in Section 3.02 as of November 30, 1994 and who is not a Highly Compensated Employee and who has not elected to receive a severance payment under the Severance Plan for the Voluntary Early Retirement Program, may elect prior to September 23, 1994 to retire effective December 1, 1994 and receive a monthly "Railroad Retirement Supplement" in addition to those benefits otherwise specified in this Plan.

<u>Railroad Retirement Supplement</u>

The amount of the monthly Railroad Retirement Supplement shall be the estimated total of the monthly Tier I and Tier II benefits initially payable under the Railroad Retirement Act as of the date the Active Participant is first eligible for such Tier I and Tier II benefits reduced for early retirement under that Act, or the date the Participant is first eligible for Tier I and Tier II benefits not reduced for early retirement, whichever date next follows the Participant's date of termination of employment. No Railroad Retirement Supplement shall be payable to a Participant who, upon termination of employment, is eligible immediately to receive Tier I and Tier II benefits not reduced for early retirement.

The total of Railroad Retirement Supplements to a Participant who is eligible to receive such payments shall not be more than $75,000.

The foregoing notwithstanding, Active Participants with critical skills who make the aforementioned election to retire may be asked and permitted by the President of the Employer, on a non-discriminatory basis, to continue in employment after November 30, 1994. Such Active Participants who terminate employment no later than November 30, 1996 may receive Railroad Retirement Supplements commencing during the month immediately following such termination of employment.

Railroad Retirement Supplements payable under this Exhibit A shall cease as of the date the participant is first eligible for Tier I and Tier II benefits payable under the Railroad Retirement Act and reduced for early retirement under that Act, or the date the participant is first eligible for Tier I and Tier II benefits not reduced for early retirement, whichever date next follows the participant's termination of employment from the Employer.

In the event of the participant's death after termination of employment and prior to the cessation of benefits as described in the preceding paragraph, Railroad Retirement Supplements shall be payable to the participant's surviving spouse. In the absence of a surviving spouse to whom the participant was legally married on the date of his death, Railroad Retirement Supplements shall be payable to the participant's estate. Such Railroad Retirement Supplements payable to the participant's surviving spouse or the participant's estate shall be payable until the date described in the preceding paragraph as if the participant had remained alive.

Article VIII notwithstanding, there shall be no death benefits payable in respect of the Railroad Retirement Supplements under this Exhibit A other than those described in the preceding paragraph. Nor

AMT000732

shall the optional forms of payment described in Article VII be available with respect to the Railroad Retirement Supplements under this Exhibit A.

AMT000733

## EXHIBIT B

## 2001 VOLUNTARY EARLY RETIREMENT PLAN

### Eligibility

Effective September 15, 2001, an Active Participant who, as of October 31, 2001, has attained age 55 or older and has completed at least ten (10) Years of Service, and who has not elected to receive a severance payment under the Voluntary Separation Plan, may elect on or before October 31, 2001 to retire effective November 1, 2001 and to receive the benefits described in this Exhibit B, in addition to those benefits otherwise specified in the Plan.

### Additional Years of Age for Purposes of Early Retirement Reduction Factors

The Participant shall have five (5) years added to his/her age, effective as of December 1, 2001, for purposes of the early retirement reduction factors in Section 4.02 of the Plan.

### Additional Lump Sum Payment

Upon retirement, the Participant shall receive a lump sum payment equal to $15,000.

If the Participant does not with to receive this lump sum payment, the Participant's monthly retirement payments shall be increased to provide for the actuarial equivalent of the lump sum payment.

AMT000734

**Exhibit 70**



**PIPER
MARBURY
RUDNICK
& WOLFE LLP**

6225 Smith Avenue
Baltimore, Maryland 21209-3600
www.piperrudnick.com

PHONE  (410) 580-3000
FAX    (410) 580-3001

JOY NAPIER-JOYCE

joy.napier@piperrudnick.com
PHONE  (410) 580-4223

February 28, 2002

**CERTIFIED MAIL NO. 7099 3400 0011 2857 3193**
**RETURN RECEIPT REQUESTED**

Internal Revenue Service
201 West Rivercenter Boulevard
Attention: Extracting Stop 312
Covington, Kentucky 41011

> Re:  Retirement Income Plan for Employees of National Railroad Passenger
>      Corporation (Plan No. 001)

Dear Sir or Madam:

Request is hereby made for a determination letter that the above-captioned plan (the "Plan"), as amended and restated effective as of January 1, 1989, and subsequently amended effective as of January 1, 1997, September 15, 2001, and January 1, 2001, continues to qualify under sections 401(a) and 501(a) of the Internal Revenue Code (the "Code"). The Plan is intended to comply with the Small Business Job Protection Act of 1996, the Taxpayer Relief Act of 1997 and other recent legislation.

We request that the enclosed Plan be grouped with the National Railroad Passenger Corporation Savings Plan (EIN: 52-0910053, PN: 002) and Amtrak's Retirement Savings Plan for Agreement Employees (EIN: 52-0910053, PN: 003) for review.

The applicant is requesting a ruling on the form of the Plan.

The plan document included in this submission is complete in all respects and a determination letter is being requested on the qualification of the entire plan. The following are submitted herewith in support of this application:

1.  Form 5300, Application for Determination for Employee Benefit Plan, completed with respect to the Plan as amended along with attachments.

**AMT001378**

CHICAGO  |  WASHINGTON  |  BALTIMORE  |  NEW YORK  |  PHILADELPHIA  |  TAMPA  |  DALLAS  |  RESTON  |  LOS ANGELES



PIPER
MARBURY
RUDNICK
& WOLFE LLP

Internal Revenue Service
February 28, 2002
Page 2

2.      A copy of the Plan as restated effective January 1, 1989 and executed December 30, 1994.

3.      A copy of Amendment No. 1 to the Plan as adopted by the Board of Directors on December 8, 1999 and executed November 30, 2001.

4.      A copy of Amendment No. 2 to the Plan as adopted by the Board of Directors on September 14, 2001 and executed November 30, 2001.

5.      A copy of Amendment No. 3 to the Plan as adopted by the Board of Directors on January 14, 2002.

6.      A working copy of the Plan that incorporates the first three amendments and a black-lined working copy showing the exact changes made by those amendments.

7.      A copy of the trust agreement for the Plan.

8.      Form 8717, User Fee for Employee Plan Determination Letter Request, along with a check in the amount of $700.00 for payment of the IRS User Fee for submission of a plan where the applicant is not electing to receive a determination with respect to the average benefit test and/or any of the general tests.

9.      Form 2848, Power of Attorney, authorizing the undersigned, along with Katrina C. Kamantauskas-Holder, Esquire and Julia T. Kovacs, Esquire of this office, to act on behalf of the National Railroad Passenger Corporation.

The Plan has previously received a favorable determination letter which has not been revoked. A copy of the most recent determination letter for the Plan is enclosed herewith.

Please contact me if I can provide you with any further information.

Very truly yours,

Joy Napier-Joyce

cc:   Mr. Warren Reisig
Enclosures

**AMT001379**

| Form **5300**<br>(Rev. September 2001)<br>Department of the Treasury<br>Internal Revenue Service | **Application for<br>Determination for Employee Benefit Plan**<br>(including collectively bargained plans formerly filed on Form 5303)<br>(Under sections 401(a) and 501(a) of the Internal Revenue Code) | OMB No. 1545-0197 |
|---|---|---|
| | | **For IRS Use Only** |

Review the **Procedural Requirements Checklist** on page 5 before submitting this application.

| **1a** Name of plan sponsor (employer if single-employer plan) | **1b** Employer identification number |
|---|---|
| National Railroad Passenger Corp. - Amtrak | 52-0910053 |

| Number, street, and room or suite no. (If a P.O. box, see instructions.) | **1c** Employer's tax year ends — Enter (MM) |
|---|---|
| 60 Massachusetts Avenue NE | 12 |

| City | State | ZIP code | **1d** Telephone number |
|---|---|---|---|
| Washington | DC | 20002-4285 | 202-906-3913 |

**2a** Person to contact if more information is needed. (See instructions.) (If **Form 2848**, Power of Attorney and Declaration of Representative, or other written designation is attached, check box and do not complete the rest of this line.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☒

**1e** Fax number
202-906-3315

Name

| Number, street, and room or suite no. (If a P.O. box, see instructions.) | **2b** Telephone number |
|---|---|
| | |

| City | State | ZIP code | **2c** Fax number |
|---|---|---|---|
| | | | |

**3a** Determination requested for (enter applicable number(s) in the box and fill in required information). (See instructions.)

☐ Enter 1 for Initial Qualification — Date plan signed ▶ _____

[2] Enter 2 for a request after initial qualification — Is complete plan attached? (See instructions.) ▶ . . Yes ☒    No ☐
Date amendment signed ▶ See Attachment    Date amendment effective ▶ See Attachment

☐ Enter 3 for Affiliated Service Group status (section 414(m)) — Date effective ▶ _____

☐ Enter 4 for Leased Employee status

☐ Enter 5 for Partial termination — Date effective ▶ _____

☐ Enter 6 for Termination of collectively bargained multiemployer or multiple-employer plan
covered by PBGC insurance — Date of Termination ▶ _____

**b** Has the plan received a determination letter? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Yes ☒    No ☐
Date of letter ▶ November 8, 1995
If "Yes," submit a copy of the latest letter and subsequent amendments.
Number of amendments ▶ _____3_____
If "No," submit all prior plan(s) and/or adoption agreement(s). (See instructions.)

**c** Have interested parties been given the required notification of this application? (See instructions.) . . . . . . Yes ☒    No ☐
**d** Does the plan have a cash or deferred arrangement (section 401(k))? . . . . . . . . . . . . . . . . . . . . . . . . . . . Yes ☐    No ☒
**e** Does the plan have matching contributions (section 401(m))? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Yes ☐    No ☒
**f** Does the plan have after-tax employee voluntary contributions (section 401(m))? . . . . . . . . . . . . . . . . . Yes ☐    No ☒
**g** Does this plan benefit noncollectively bargained employees or are more than 2% of the employees who
are covered under a collective bargaining agreement for professional employees? . . . . . . . . . . . . . . . . . Yes ☒    No ☐
See Regulations section 1.410(b)-9.
**h** Does the plan provide for disparity in contributions or benefits that is intended to meet the permitted
disparity requirements of section 401(l)? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Yes ☒    No ☐

**4a** Name of plan (Plan name may not exceed 66 characters, including spaces.):

Retirement Income Plan for Employees of National Railroad Passenger Corporation

| 001 | **b** Enter 3-digit plan number | 01/01/75 | **d** Enter plan's **original** effective date (MMDDYYYY) |
|---|---|---|---|
| 12/31 | **c** Enter date plan year ends (MMDD) | 5793 | **e** Enter number of participants (See instructions.) |

Under penalties of perjury, I declare that I have examined this application, including accompanying statements and schedules, and to the best of my knowledge and belief, it is true, correct, and complete.

Print Name ▶ Warren Reisig    Title ▶ Director of Compensation and Benefits

Signature ▶ *Warren Reisig*    Date ▶ 2/12/02

For Paperwork Reduction Act Notice, see separate instructions.

ISA<br>STF FED5405F.1

AMT001380

Form **5300** (Rev. 9-2001)

Form 5300 (Rev. 9-2001)                                                                                              Page **2**

**5**  Indicate type of plan by entering the number from the list below.

| 4 | 1 — profit-sharing and/or 401(k) | 4 — defined benefit but not cash balance | 7 — non-leveraged ESOP |
|---|---|---|---|
|   | 2 — money purchase | 5 — cash balance | 8 — stock bonus |
|   | 3 — target benefit | 6 — leveraged ESOP | 9 — safe harbor 401(k) |

|  | Yes | No |
|---|---|---|
| **6a** Is the employer a member of an affiliated service group? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | x |
| **b** Is the employer a member of a controlled group of corporations or a group of trades or businesses under common control? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | x |
| If a and/or b above is "Yes," complete required statement (see instructions). |  |  |
| **7a** Is this a governmental plan? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | x |
| If "Yes," is the plan a state level plan? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  |  |
| **b** Is this a nonelecting church plan? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | x |
| **c** Is this a collectively bargained plan? (See Regulations section 1.410(b)-9.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | x |
| **d** Is this a section 412(i) plan? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | x |
| **e** Is this a multiple-employer plan? Enter number of participating employers ▶ _____  . . . . . . . . . . . . . . |  | x |
| **f** Is this a multiemployer plan as described in section 414(f)? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | x |
| **8a** Do you maintain any other qualified plan(s) under section 401(a)? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | x |  |
| If "Yes," attach required statement (see instructions). |  |  |
| If "No," skip to line 8d. |  |  |
| **b** Do you maintain another plan of the same type (i.e., both this plan and the other plan are defined contribution plans or both are defined benefit plans) that covers non-key employees who are also covered under this plan? . . . . . . . . . |  | x |
| If yes, when the plan is top-heavy, do the non-key employees covered under both plans receive the required top-heavy minimum contribution or benefit under: |  |  |
| (1) This plan? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  |  |
| (2) The other plan? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  |  |
| **c** If this is a defined contribution plan, do you maintain a defined benefit plan (or if this is a defined benefit plan, do you maintain a defined contribution plan) that covers non-key employees who are also covered under this plan? . . . | x |  |
| If yes, when the plan is top-heavy, do non-key employees covered under both plans receive: |  |  |
| (1) the top-heavy minimum benefit under the defined benefit plan? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | x |
| (2) at least a 5% minimum contribution under the defined contribution plan? . . . . . . . . . . . . . . . . . . . . . . . . . . |  | x |
| (3) the minimum benefit offset by benefits provided by the defined contribution plan? . . . . . . . . . . . . . . . . . . . . | x |  |
| (4) benefits under both plans that, using a comparability analysis, are at least equal to the minimum benefit? (See instructions.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | x |
| **d** Does the plan prevent the possibility that the section 415 limitations will be exceeded for any employee who is (or was) a participant in this plan and any other plan of the employer? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  | x |

**General Eligibility Requirements** (Complete all lines.)

**9a** Check all that apply:
(1) ☐ All employees
(2) ☐ Hourly rate employees
(3) ☐ Salaried employees
(4) ☒ Other (Specify) _See Attachment_____

**b** Minimum years of service required to participate _____ 1 year _____   If no minimum, check ▶ ☐

**c** Minimum age required to participate (Specify)                          If no minimum, check ▶ ☒

**Vesting** (Check one box to indicate the regular (non-top heavy) vesting provisions of the plan.)

**10a** ☐ Full and immediate
**b** ☐ Full vesting after 2 years of service
**c** ☐ Full vesting after 3 years of service
**d** ☒ Full vesting after 5 years of service
**e** ☐ 2 to 6 year graded vesting
**f** ☐ 3 to 7 year graded vesting
**g** ☐ Other

Form **5300** (Rev. 9-2001)

AMT001381

STF FED5405F.2

Form 5300 (Rev. 9-2001)                                                                                          Page **3**

## Benefits and Requirements for Benefits

**11a** For defined benefit plans — Method for determining accrued benefit ▶ _____

(1) Benefit formula at normal retirement age is  See Attachment _____

_____

_____

(2) Benefit formula at early retirement age is  Normal Retirement Benefit based on Average
Compensation, Year of Credit and Social Security covered
compensation determined as of such Early Retirement Date, adjusted
based on factors for Annity Starting Date

(3) Normal form of retirement benefit is  Life Annuity or sparse Joint and survivor annuity.

_____

**b** For defined contribution plans — Employer contributions:

(1) Profit-sharing or stock bonus plan contributions are determined under:
☐ A definite formula      ☐ A discretionary formula      ☐ Both

(2) Matching contributions are determined under:
☐ A definite formula      ☐ A discretionary formula      ☐ Both

(3) Money purchase plan — Enter rate of contribution _____

_____

(4) Target benefit plan — state target benefit formula _____

_____

_____

_____

## Miscellaneous

|  | N/A | Yes | No |
|---|---|---|---|
| **12a** Does any amendment to the plan reduce or eliminate any section 411(d)(6) protected benefit, including an amendment adopted after September 6, 2000, to eliminate a joint and survivor annuity form of benefit? (See instructions.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  |  | X |
| **b** Are trust earnings and losses allocated on the basis of account balances in a defined contribution plan? . . . . . If "No," attach a statement explaining how they are allocated. | X |  |  |
| **c** Is this plan or trust currently under examination or is any issue related to this plan or trust currently pending before: |  |  |  |
| ● The Internal Revenue Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  |  | X |
| ● The Department of Labor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  |  | X |
| ● The Pension Benefit Guaranty Corporation, or . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  |  | X |
| ● Any court? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . |  |  | X |

If "Yes," attach a statement explaining the issues involved, the contact person's name (IRS Agent, DOL Investigator, etc.) and their telephone number. Do not answer "Yes" if the plan has been submitted under the Voluntary Compliance Program of the Employee Plans Compliance Resolution System (EPCRS).

Form **5300** (Rev. 9-2001)

**AMT001382**

Form 5300 (Rev. 9-2001)                                                                                       Page **4**

**Optional determination request regarding the ratio percentage test. A determination regarding the average benefit test may be requested by attaching Schedule Q (Form 5300).**

| | | Yes | No |
|---|---|---|---|
| **13** | Is this a request for a determination regarding the ratio percentage test of Regs. section 1.410(b)-2(b)(2) or a request for a determination regarding one of the special requirements of Regs. section 1.410(b)-2(b)(5), (6), or (7)? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | X |

If "Yes," complete only lines 13a through 13n for a ratio percentage test determination, or complete only line 13o for a determination regarding one of the special requirements.

If "No," skip to line 14.

**a** Is this plan disaggregated into two or more separate plans that are not 401(k), 401(m), or profit sharing plans? If "Yes," see the instructions and attach separate schedules for each disaggregated portion . . . . . . . . . . . . . . . . . .

**b** Does the employer receive services from any leased employees as defined in section 414(n)? . . . . . . . . . . . . . . .

**c** Coverage date (MMDDYYYY). See instructions for inserting date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**d** Total number of employees (include self-employed individuals) (employer-wide) . . . . . . . . . . . . . . . . . . . .

**e** Statutory and regulatory exclusions under this plan (do not count an employee more than once):

(1) Number of employees excluded because of minimum age or years of service required . . . . . . . . . . .

(2) Number of employees excluded because of inclusion in a collective bargaining unit . . . . . . . . . . . . .

(3) Number of employees excluded because they terminated employment with less than 501 hours of service and were not employed on last day of plan year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(4) Number of employees excluded because employed by other qualified separate lines of business (QSLOBs) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(5) Number of employees excluded because they were nonresident aliens with no earned income from sources within the United States . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**f** Total statutory and regulatory exclusions (add lines 13e(1) through 13e(5)) . . . . . . . . . . . . . . . . . . . . . .

**g** Nonexcludable employees (subtract line 13f from line 13d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**h** Number of nonexcludable employees on line 13g who are highly compensated employees (HCEs) . . . .

**i** Number of nonexcludable HCEs on line 13h benefiting under the plan . . . . . . . . . . . . . . . . . . . . . . . . .

**j** Number of nonexcludable employees who are nonhighly compensated employees (NHCEs) (subtract line 13h from line 13g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**k** Number of nonexcludable NHCEs on line 13j benefiting under the plan . . . . . . . . . . . . . . . . . . . . . . . . .

**l** Ratio percentage (See instructions.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**m** Enter the ratio percentage for the following, if applicable:

(1) Section 401(k) part of the plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(2) Section 401(m) part of the plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| | | Yes | No |
|---|---|---|---|
| **n** | Are the results on line 13l or 13m based on the aggregated coverage of more than one plan? . . . . . . . . . . . . . . . . | | |

If "Yes," attach a statement showing the names, plan numbers, EINs, and benefit/allocation formulas of the other plans. All aggregated plans should be filed concurrently.

**o** If the plan satisfied coverage using one of the special requirements of Regulations section 1.410(b)-2(b)(5), (6), or (7), enter the letter from the list below that identifies the special requirement:

A — 1.410(b)-2(b)(5) — No NHCEs employed

B — 1.410(b)-2(b)(6) — No HCEs benefit

C — 1.410(b)-2(b)(7) — Collectively bargained only

**Optional determination request regarding the nondiscrimination design-based safe harbors of section 401(a)(4).**

Section 401(k) and/or section 401(m) plans that do not contain a provision for discretionary contributions should not complete this line.

| | | Yes | No |
|---|---|---|---|
| **14** | Is this a request for a determination regarding a design-based safe harbor under section 401(a)(4)? . . . . . . . . . . . . | | X |

If "Yes," complete the following:

Design-based nondiscrimination safe harbors:

**a** Does the plan provide for disparity in contributions or benefits that is intended to meet the permitted disparity requirements of section 401(l)? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

If "Yes," answer line 14b. Otherwise, skip to line 14c.

**b** Do the provisions of the plan ensure that the overall permitted disparity limits will not be exceeded? . . . . . . . . . . . .

**c** Enter the letter ("A" - "G") from the list below that identifies the safe harbor intended to be satisfied . . . ▶

A — 1.401(a)(4)-2(b)(2) defined contribution (DC) plan with uniform allocation formula

B — 1.401(a)(4)-3(b)(3) unit credit defined benefit (DB) plan    E — 1.401(a)(4)-3(b)(5) insurance account

C — 1.401(a)(4)-3(b)(4)(i)(C)(1) unit credit DB fractional rule plan    F — 1.401(a)(4)-8(b)(3) target benefit plan

D — 1.401(a)(4)-3(b)(4)(i)(C)(2) flat benefit DB plan    G — 1.401(a)(4)-8(c)(3)(iii)(b) cash balance plan

**d** List the plan section(s) that satisfy the safe harbor (including, if applicable, the permitted disparity requirements) here:

STF FED5405F.4                                       **AMT001383**                              Form **5300** (Rev. 9-2001)

Form 5300 (Rev. 9-2001)                                                                                                    Page **5**

# Procedural Requirements Checklist

**********Form 5300**********

☐ this list to ensure that your submitted package is complete. Failure to supply the appropriate information may result in a delay in the processing of the application.

| | | |
|---|---|---|
| ☒ | **1** | Is **Form 8717,** User Fee for Employee Plan Determination Letter Request, attached to your submission? |
| ☒ | **2** | Is the appropriate user fee for your submission attached to Form 8717? |
| ☒ | **3** | If appropriate, is **Form 2848,** Power of Attorney and Declaration of Representative, or a privately designated authorization attached? (For more information, see the **Disclosure Request by Taxpayer** in the instructions.) |
| ☒ | **4** | Is a copy of your plan's latest determination letter, if any, attached? |
| ☒ | **5** | Is the Employer Identification Number (EIN) of the **plan sponsor/employer** (NOT the trust's EIN) entered on line 1b? |
| ☒ | **6** | Does line 4d list the plan's original effective date? |
| ☒ | **7** | Is the application signed and dated? |
| ☒ | **8** | Have interested parties been given the required notification of this application? (See the instructions for line 3c.) |
| ☐ | **9** | If you are requesting a determination as an **Affiliated Service Group,** have you included the information requested in the instructions?<br><br>**NOTE:** You can request a ruling from the IRS as to whether or not you are an **Affiliated Service Group** by listing your request on line 3 of Form 5300. |
| ☒ | **10** | If you answered "Yes" to line(s) 6a and/or line 6b, have you included the information requested in the instructions? |
| ☐ | **11** | **For Multiple Employer Plans:** Have you included the required information as specified in the instructions under **Specific Plans — Additional Requirements?** |
| ☐ | **12** | **For Partial Termination Requests:** If requesting a determination for the plan and one or more employers maintaining the plan, have you included the required information as specified in the instructions under **Types of Determination Letters, Partial Termination?** |
| ☒ | **13** | If you answered "Yes" to line 8a, have you included the requested information? |
| ☐ | **14** | If you are requesting additional determinations, is page 4 completed and/or Schedule Q attached? |
| ☐ | **15** | If filing Schedule Q, are all appropriate demonstrations attached? (See Instructions for Schedule Q)<br>☐ Demo 1  ☐ Demo 5  ☐ Demo 8  ☐ Demo 11<br>☐ Demo 3  ☐ Demo 6  ☐ Demo 9<br>☐ Demo 4  ☐ Demo 7  ☐ Demo 10 |
| ☒ | **16** | Have you included a copy of the plan, trust, and all amendments since your last determination letter? |
| ☐ | **17** | **For Employee Stock Ownership Plans (ESOP):** Have you attached **Form 5309,** Application for Determination of Employee Stock Ownership Plan, to your submission? |
| ☐ | **18** | **For PBGC Terminations:** Have you included the required information as specified in the instructions under **Types of Determination Letters?** |

**AMT001384**                                                              Form **5300** (Rev. 9-2001)

STF FED5405F.5

**ATTACHMENT TO FORM 5300,**
**APPLICATION FOR DETERMINATION**
**FOR EMPLOYEE BENEFIT PLAN**

**Retirement Income Plan for Employees of**
**National Railroad Passenger Corporation**
**EIN: 52-0910053**

Item 3(a):

      Amendment I to the Plan was adopted by the Board of Directors on December 8, 1999 and was generally effective January 1, 1997.

      Amendment II to the Plan was adopted by the Board of Directors on September 14, 2001 and was effective September 15, 2001.

      Amendment III to the Plan was adopted by the Board of Directors on January 14, 2002 and was effective January 1, 2001.

Item 8(a):

      The Employer also maintains the following Plans:

| | |
|---|---|
| Name of Plan: | National Railroad Passenger Corporation Savings Plan |
| Type of Plan: | 401(k) Plan |
| Plan Number: | 002 |
| Determination Letter: | An application for this plan is being simultaneously submitted with this application |

| | |
|---|---|
| Name of Plan: | Amtrak's Retirement Savings Plan for Agreement Employees |
| Type of Plan: | 401(k) Plan |
| Plan Number: | 003 |
| Determination Letter: | An application for this plan is being simultaneously submitted with this application |

**AMT001385**

BALTI:370394.v1  2/11/02 9:53 AM

Item 9(a)(4):

Eligible employees under the Plan include: (1) all persons employed by the Employer, except leased employees, who were Non-Union Employees and Active Participants in the Plan on December 31, 1983 and who were Non-Union Employees on January 1, 1984; and (2) all persons employed by the Employer, except leased employees, who are Non-Union Employees. A Non-Union Employee is any person employed by the Employer or an Affiliated Employer, excluding (i) any such person who is a member of a unit of employees covered by a collective bargaining agreement, (ii) before November 17, 1988 any such person who was an active participant on June 30, 1985 in the Chicago Union Station Company Plan for Supplemental Pensions or who was an active participant on May 30, 1984 in the Washington Terminal Company Plan for Supplemental Pensions, and (iii) any employee paid on an hourly basis.

Item 11(a):

(1)      Benefit Formula at normal retirement age is equal to the sum of (A) and (B) minus (C) where:

(A) equals the greatest of (i), (ii) and (iii):

(i) the product of (a) 0.70% of Average Compensation plus 0.65% of any excess of Average Compensation over Social Security Covered Compensation; and (b) Years of Credited Service not in excess of 35 years;

(ii) if the Participant was an Employee on March 31, 1981, the product of (a)1-2/3% of Average Compensation as of the earliest of his Normal Retirement Date, the first date on which he had Years of Service of nine (9) years and eleven (11) months, or December 31, 1994, and (b) Years of Credited Service as of the earliest of his Normal Retirement Date, of the first date on which he had Years of Service of nine (9) years and eleven (11) months, or December 31, 1994; or

(iii) for a Former Chicago Union Station Participant, his Chicago Union Station Frozen Benefit determined as of December 31, 1988 and for a Former Washington Terminal Company Participant, his Washington Terminal Company Frozen Benefit determined as of December 31, 1988.

(B) For a Title V Protected Union Employee, his Accrued Benefit as of the latest date prior to November 1, 1981 on which he was both an Active Participant in the Plan and not a Non-Union Employee; and

(C) For a Former Chicago Union Station Participant, his Chicago Union Station Termination Benefit, and for a Former Washington Terminal Company Participant, his Washington Terminal Company Termination Benefit.

AMT001386

## ATTACHMENT TO FORM 5300,
## APPLICATION FOR DETERMINATION FOR
## EMPLOYEE BENEFIT PLAN

### Retirement Income Plan for Employees of National Railroad Passenger Corporation
### EIN: 52-0910053

Statement of How Amendments Affect Plan

**Amendment I – Generally Effective January 1, 1997**

- Amends the Plan to bring it into compliance with the Small Business Job Protection Act of 1996, the Taxpayer Relief Act of 1997 and other recent federal tax legislation.

**Amendment II – Effective September 15, 2001**

- Amends the Plan to add an early retirement window for Active Participants who as of October 31, 2001 attained age 55 or older and completed at least 10 Years of Service.

**Amendment III – Generally Effective January 1, 2001**

- Amends the Plan to bring it into compliance with the Consolidated Appropriations Act of 2001 and recent Internal Revenue Service guidance, and to make certain other changes.

**AMT001387**

BALT1:370543:1:01/08/2002 11:31 AM
15164-19

| Form **8717** (Rev. February 2000) Department of the Treasury Internal Revenue Service | **User Fee for Employee Plan Determination Letter Request** ▶ Attach to determination letter application. | **For IRS Use Only** Control number _____ Amount paid _____ User fee screener |
|---|---|---|

| 1 Sponsor's name (employer if single-employer plan) | 2 Sponsor's employer identification number |
|---|---|
| National Railroad Passenger Corp. - Amtrak | 52-0910053 |

| Plan name Retirement Income Plan for Employees of National Railroad Passenger Corporation | 4 Plan number |
|---|---|
| | 001 |

### Request for Letter Covering Average Benefit Test and/or Any General Test

| | | | | Fee |
|---|---|---|---|---|
| **5a** ☐ | Form 5300 | | 5a | $1,250 |
| **b** ☐ | Form 5303 | | 5b | 1,250 |
| **c** ☐ | Form 5307 | | 5c | 1,000 |
| **d** ☐ | Form 5310 | | 5d | 375 |
| **e** ☐ | Multiple employer plans (**Form 5300**) | | | |
| | (1) ☐ 2 to 10 employers | | 5e(1) | 1,250 |
| | (2) ☐ 11 to 99 employers | | 5e(2) | 2,000 |
| | (3) ☐ 100 to 499 employers | | 5e(3) | 3,500 |
| | (4) ☐ Over 499 employers | | 5e(4) | 6,500 |
| **f** ☐ | Multiple employer plans (**Form 5310**) | | | |
| | (1) ☐ 2 to 10 employers | | 5f(1) | 375 |
| | (2) ☐ 11 to 99 employers | | 5f(2) | 600 |
| | (3) ☐ 100 to 499 employers | | 5f(3) | 1,000 |
| | (4) ☐ Over 499 employers | | 5f(4) | 2,000 |

### Request for Letter NOT Covering Average Benefit Test or Any General Test

| | | | | Fee |
|---|---|---|---|---|
| **6a** ☒ | Form 5300 | | 6a | $ 700 |
| **b** ☐ | Form 5303 | | 6b | 700 |
| **c** ☐ | Form 5307 | | 6c | 125 |
| **d** ☐ | Form 5310 | | 6d | 225 |
| **e** ☐ | Form 6406 | | 6e | 125 |
| **f** ☐ | Multiple employer plans (**Form 5300**) | | | |
| | (1) ☐ 2 to 10 employers | | 6f(1) | 700 |
| | (2) ☐ 11 to 99 employers | | 6f(2) | 1,400 |
| | (3) ☐ 100 to 499 employers | | 6f(3) | 2,800 |
| | (4) ☐ Over 499 employers | | 6f(4) | 5,600 |
| **g** ☐ | Multiple employer plans (**Form 5310**) | | | |
| | (1) ☐ 2 to 10 employers | | 6g(1) | 225 |
| | (2) ☐ 11 to 99 employers | | 6g(2) | 450 |
| | (3) ☐ 100 to 499 employers | | 6g(3) | 900 |
| | (4) ☐ Over 499 employers | | 6g(4) | 1,800 |
| **h** ☐ | Volume submitter: | | | |
| | (1) ☐ Specimen plan | | 6h(1) | 1,500 |
| | (2) ☐ Lead specimen plan (see Rev. Proc. 2000-20) | | 6h(2) | 3000 |
| | (3) ☐ Specimen plan identical to lead specimen plan (see Rev. Proc. 2000-20) | | 6h(3) | 100 |
| **i** ☐ | Group trust | | 6i | 750 |

Attach Check or Money Order Here

ISA
STF FED6993F

AMT001388

Form **8717** (Rev. 2-2000)

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER AND A MICRO PRINT LINE

**NATIONAL RAILROAD PASSENGER CORPORATION** Disbursement Operations, 30th and Market Streets, Philadelphia, PA 19104

**AMTRAK®**
ALLFIRST FINANCIAL CENTER N.A.
MILLSBORO, DE

62–17
311

| Check No. | Date | CHECK AMOUNT |
|-----------|----------|---------------------|
| 00829209 | 02/14/02 | ********700.00 |

VOID 90 DAYS AFTER DATE OF ISSUE

**PAY EXACTLY:** Seven Hundred and NO/100 Dollars

**PAY TO THE ORDER OF**

UNITED STATES TREASURY
INTERNAL REVENUE SERVICE
201 WEST RIVERCENTER BLVD
COVINGTON          KY    41011

*Dale M. Stein* Treasurer
National Railroad Passenger Corp.

⑂"008 29 209⑂"  ⑈:03 1 100 1 73⑈:    353⑄2509  1⑂"

AMT001389

| Form **2848** | **Power of Attorney** | OMB No. 1545-0150 |
|---|---|---|
| (Rev. December 1997) | **and Declaration of Representative** | **For IRS Use Only** |
| Department of the Treasury Internal Revenue Service | ▶ See the separate instructions. | Received by: Name _____ |

| | | Telephone _____ Function _____ Date |

**Part I**    **Power of Attorney** (Please type or print.)

**1**    **Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| National Railroad Passenger Corporation - Amtrak 60 Massachusetts Avenue NE Washington, DC 20002-4285 | | 52-0910053 |
| | Daytime telephone number 202-906-3913 | Plan number (if applicable) 001 |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2**    **Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Katrina Kamantauskas-Holder, Esquire Piper Marbury Rudnick & Wolfe LLP 6225 Smith Ave., Baltimore, MD 21209-3600 | CAF No. N/A Telephone No. 410-580-3000 Fax No. 410-580-3001 Check if new: Address ☒    Telephone No. ☒ |
| Joy Napier-Joyce, Esquire Piper Marbury Rudnick & Wolfe LLP 6225 Smith Ave., Baltimore, MD 21209-3600 | CAF No. N/A Telephone No. 410-580-3000 Fax No. 410-580-3001 Check if new: Address ☒    Telephone No. ☒ |
| Julia T. Kovacs, Esquire Piper Marbury Rudnick & Wolfe LLP 6225 Smith Ave., Baltimore, MD 21209-3600 | CAF No. N/A Telephone No. 410-580-3000 Fax No. 410-580-3001 Check if new: Address ☒    Telephone No. ☒ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3**    **Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Application for Determination for Employee Benefit Plan | Form 5300 | Date Filed: February 28, 2002 |
| | | |
| | | |

**4**    **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF**.) . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**5**    **Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: _____

_____

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6**    **Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here _____ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

For Paperwork Reduction and Privacy Act Notice, see the separate instructions.                    Form **2848** (Rev. 12-97)

AMT001390

ISA
STF FED4675F.1

Form 2848 (Rev. 12-97)                                                                                          Page **2**

**7** **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first
representative listed on line 2 unless you check one or more of the boxes below.

**a** If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or
communications, check this box ....................................................................... ▶ ☐

**b** If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

**c** If you do not want any notices or communications sent to your representative(s), check this box .................. ▶ ☐

**8** **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier
power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this
document. If you **do not** want to revoke a prior power of attorney, check here ............................... ▶ ☐
**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9** **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation
is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor,
receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the
taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

| _Warren Reisig_ | 2/12/02 | _Director_ |
|---|---|---|
| Signature | Date | Title (if applicable) |

| | | |
|---|---|---|
| Print Name | | |

| | | |
|---|---|---|
| Signature | Date | Title (if applicable) |

| | |
|---|---|
| Print Name | |

---

**Part II** | **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the
practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
  **a** Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
  **b** Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  **c** Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  **d** Officer — a bona fide officer of the taxpayer's organization.
  **e** Full-Time Employee — a full-time employee of the taxpayer.
  **f** Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  **g** Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the
  authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
  **h** Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular
  No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE
RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| a | Maryland | _Katuin C. Kanastanckas-Holdu_ | 2/20/02 |
| a | Maryland | _Joy Napur-Jaye_ | 8/20/02 |
| a | Maryland | _Julia T. Kovacs_ | 2/20/02 |

STF FED4675F.2                                                      **AMT001391**

**Exhibit 71**

**National Railroad Passenger Corporation - AMTRAK**
**Retirement Income Plan  #001**

## Information Needed

As a follow-up and further development of the mater that we discussed on the phone Tuesday July 29, 2003; I have prepared this analysis and information request.

Included for our consideration and determination with the 2-28-02 determination request filing for this plan was Amendment II - dated November 30, 2001. The effect of this amendment was to provide for an early retirement benefit for those eligible who applied between the dates of September 15, 2001 and October 31, 2001. Without some corporate action prior to the September 15th date, this amendment is not valid, as it is not possible to amend your plan retroactively for this operational aspect. Therefore, is will be necessary to provide us with any corporate resolution which transpired prior to the September 15, 2001 to implement this benefit. Please also assure us of when and how this action was communicated to the employees.

As you know, we have received, from an interested party, copies of a resolution and attachment which purports to approve a larger early retirement benefit. Said board resolution indicates that this larger benefit was approved by the Board on July 26, 2001. If this resolution is in fact valid, we have 411(d)(6) concerns based on the variables of if and when a replacement benefit was approved by the Board.

I am seeking from you any evidentiary documents which will demonstrate the timeline and facts of this issue. I am deliberately NOT presenting this request as a checklist of requested items  but ask that you submit to me all relevant items to verify the facts of this issue.

**National Railroad Passenger Corporation - AMTRAK**                    08/01/03

**AMT002218**