**RETIREMENT PLAN COMMITTEE,**
**RETIREMENT INCOME PLAN FOR EMPLOYEES OF**
**NATIONAL RAILROAD PASSENGER CORPORATION**
**60 MASSACHUSETTS AVENUE, N.E.**
**WASHINGTON, DC 20002**

November 1, 2005

<u>Via Facsimile and First Class Mail</u>

Eli Gottesdiener, Esq.
Gottesdiener Law Firm, PLLC
1025 Connecticut Avenue, Suite 1000
Washington, D.C. 20036

    Re:    <u>Claim For Benefits Under The Retirement Income Plan For Employees Of</u>
             <u>National Railroad Passenger Corporation</u>

Dear Mr. Gottesdiener:

      We are writing in response to your letter dated August 5, 2005, in which you make claims for benefits under the Retirement Income Plan for Employees of National Railroad Passenger Corporation ("Plan") on behalf of Wade F. Hall, Hattie N. McCoy-Kemp and Victoria F. Staton. Under Article XV of the Plan, we, the Retirement Plan Committee ("Committee"), are responsible for responding to the claims. The purposes of this letter are (1) to inform you that we have determined that special circumstances require a 90-day extension of time for processing the claims, and (2) to clarify the specifics of the claims.

      **90-Day Extension For Claims Processing**

      In accordance with 29 CFR Sec. 2560.503-1(f)(1), the Committee has determined that special circumstances require a 90-day extension of time for processing the claims. Specifically, given the complexity of the issues involved, both legal and factual, the 90-day extension is necessary to allow the Committee to carefully analyze and consider the claims. You should look forward to a decision regarding the claims on or about January 30, 2006.

      **Clarification of Claim**

      We thought it would be helpful to summarize our understanding of the claims, including the identity of the claimants and the basis for the claims, as set forth in your letter. While we believe that we have accurately summarized the claims below, please let us know as soon as possible, in writing, if we have misstated or omitted anything.

*Identity of the Claimants*

As noted above, we understand that you have asserted claims on behalf of Mr. Hall, Ms. McCoy-Kemp and Ms. Staton.

*Claims*

With respect to Mr. Hall (who did not accept the VERP, continued working for Amtrak and retired under the generally applicable terms of the Plan), we understand that you are claiming the full value of the July 2001 VERP (plus interest).[1]

With respect to Ms. McCoy-Kemp (who accepted the September 2001 VERP), we understand that you are claiming the difference in value between the July 2001 VERP and the September 2001 VERP (plus interest).

With respect to Ms. Staton (who did not accept the VERP, was later terminated and paid severance), we understand that you are claming the difference in value between the July 2001 VERP and the severance (plus interest).

*Basis of the Claims*

We understand that you assert that the Plan was amended by July 2001 action of the Board of Directors of Amtrak to provide a VERP that included (1) an additional 5 years of age for Plan purposes, and (2) a monthly supplement payable until a participant qualified for unreduced Railroad Retirement Benefits. We understand that you further assert that the actions taken by Amtrak Board members on September 14, 2001 to change the second prong of the VERP from the Railroad Retirement Benefit supplement to a lump sum payment of $15,000 per participant were ineffective and therefore, the terms of the July 2001 VERP remained in place even after September 14, 2001. Correspondingly, we understand that you assert that the liability waivers executed by Ms. McCoy-Kemp and Ms. Staton are invalid because they were based on misinformation concerning the terms of the VERP.

We understand that in the alternative, and only if it is determined that the Plan <u>was</u> properly amended on September 14, 2001, you have asserted that the most recent restatement of the Plan (executed December 30, 1994, effective January 1, 1989) was not properly authorized by Amtrak's Board and consequently actions taken pursuant to it are unauthorized.

We understand that you are not claiming that Mr. Hall, Ms. McCoy-Kemp or Ms. Staton were damaged by detrimentally relying on the July 2001 VERP.

---

[1]   For purposes of brevity, we refer herein to the "July 2001 VERP" and the "September 2001 VERP". These references should not be construed as indicating a position of the Committee with respect to the extent to which the July 2001 and September 2001 Board actions were or were not effective.

*Adjudication by Committee*

You assert that an independent adjudicator should be appointed to decide the claims, because you believe the Committee is biased and incapable of fair adjudication of the claims. We don't believe that assertion is well taken, and we reject it.

Please direct any communication to Committee Member Paula Porter, 60 Massachusetts Avenue, NE, Washington, DC 20002 and to Barbara Schlaff and Robert Bolger, Venable, LLP, 575 7th Street, N.W., Washington, D.C. 20004-1601.

Very truly yours,

RETIREMENT PLAN COMMITTEE,
RETIREMENT INCOME PLAN FOR
EMPLOYEES OF NATIONAL RAILROAD
PASSENGER CORPORATION

By: *[signature]*

Enclosure
cc:   Jeffrey Carnicelli, Committee Member
      Matthew Hardison, Committee Member
      Barbara E. Schlaff, Counsel to the Committee
      Robert J. Bolger, Counsel to the Committee
      John R. Wellschlager, Counsel to the Company.