**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **WADE F. HALL**, : | |
| **HATTIE N. MCCOY-KEMP,** : | |
| **VICTORIA F. STATON,** : | |
| : | |
| **On behalf of themselves and on** : | **No.  06-CV-1539 (GK)** |
| **behalf of all others similarly situated,** : | |
| : | **Class Action** |
| **Plaintiffs,** : | |
| : | **Next scheduled Court deadline:** |
| **v.** : | **April 15, 2007 - Defendants'** |
| : | **reply to Plaintiffs' opposition to** |
| : | **Defendants' summary judgment** |
| : | **motion** |
| : | |
| : | |
| **RETIREMENT INCOME PLAN FOR** : | |
| **EMPLOYEES OF NATIONAL RAILROAD** : | |
| **PASSENGER CORPORATION,** *et al.* : | |
| : | |
| **Defendants.** : | |
| : | |

## DECLARATION OF ELI GOTTESDIENER

I, Eli Gottesdiener, hereby declare, under penalties of perjury as follows:

1.       I am a shareholder of the Gottesdiener Law Firm, PLLC and counsel for

the named Plaintiffs in the above-referenced action.  I am member of the District of

Columbia bar and admitted to the bar of this Court.   The matters set forth below are

within my personal knowledge.

2.       Unless otherwise stated all documents identified in Plaintiffs' brief in

opposition to Defendants' summary judgment motion as Exhibits ("Ex. _")) were

obtained directly from Defendants in discovery in either *Hall I* or *Hall II* or directly from

the Retirement Plan Committee, Lorraine A. Green or their counsel in the claims process

discussed in the Complaint. I have personal knowledge that a chain of custody was preserved and documents and the packages in which they arrived were not apparently tampered with. All of documents are true and correct copies of what they purport to be and as I received them from Defendants except as otherwise stated or clearly. All Bates labeling was performed by Defendants or the Committee, Ms. Green or their counsel prior to the production to Plaintiffs.

3.     For the reasons set forth in Plaintiffs' brief in opposition to Defendants' summary judgment motion, Plaintiffs are not currently able to further justify their opposition to Defendants' motion because they have not had the opportunity to conduct discovery into:

- What is (or, as a matter of law, should be) the administrative record in this case;

- Whether there "documents, records and other information relevant" to Plaintiffs' claim within the meaning of the governing Department of Labor notice-and-comment claims regulation to which Plaintiffs were denied access during the claims process, as alleged in Count Two; and

- Whether the Committee and/or Ms. Green were laboring under one or more conflicts of interest when deciding Plaintiffs' claim, and the extent to which such conflict(s) affect their decisions or the decision making process.

4.     I have reviewed the documents and records produced to Plaintiffs during the claims process and in response to Plaintiffs' document production requests in *Hall II*. Defendants produced some documents and records relevant to Plaintiffs' benefit claim that were not provided to Plaintiffs as claimants before a final decision was made in the claims process denying their claim despite their relevance to Plaintiffs' claim.

The foregoing statement is made under penalty of perjury and is true and correct to the best of my knowledge and belief.


Dated:  March 15, 2007

_____/s/ Eli Gottesdiener_____
Eli Gottesdiener