**Gottesdiener**
**Law Firm, PLLC**

*New York | Washington, D.C.*
*www.gottesdienerlaw.com*

1025 Connecticut Ave, N.W. #1000
Washington, D.C. 20036
Tel: 202.243.1000
Fax: 202.243.1001

**Eli Gottesdiener**
eli@gottesdienerlaw.com

February 9, 2006

<u>Via Overnight Mail</u>

Lorraine Green
Vice President, Human Resources
National Railroad Passenger Corporation
60 Massachusetts Avenue, N.E.
Washington, D.C.  20004-1008

Dear Ms. Green:

This is an appeal from the January 23, 2006 denial of the claim made on August 5, 2005 by Wade F. Hall, Hattie N. McCoy-Kemp, and Victoria F. Staton for benefits due under the Retirement Income Plan For Employees Of National Railroad Passenger Corporation (the "Plan").

1.    We are informed that you have been selected to serve as the named fiduciary responsible for providing my clients with a full and fair review of their benefit claim denial.  If you were so designated, we believe that your intimate involvement in the matters in question requires you to recuse yourself.  Indeed, the factual record suggests that you authorized the printing of pamphlets to be sent to VERP eligible employees on September 14th without even knowing whether or not the Board had taken official action to amend the Plan.  (We have previously incorporated other documents and arguments by reference – this is merely an example of the reasons why you should have no further involvement with this matter).

2.    Neither you nor the Committee have the power, by law or by virtue of the Plan instrument, to render a decision as to whether or not a certain provision or provisions did or did not become a part of the Plan as a matter of federal or District of Columbia law.  You should therefore decline to adjudicate this appeal, vacate the Committee's decision and inform Judge Kessler that my clients have exhausted their administrative remedies and neither the Committee nor you have the jurisdiction to adjudicate my clients' claim for benefits until the Court decides whether the September 14, 2001 purported Plan amendment was duly enacted under District of Columbia corporations law and federal pension law.  Any other decision simply underscores your and the Committee's lack of objectivity.

3.    The Committee's decision is entitled to no weight because it delayed its decision unreasonably and in conjunction with an admitted attempt by the Plan sponsor to avoid the judicial adjudication of the validity of the September 14th amendment, in a misguided effort to gain litigative advantage.  Again, you are unable to objectively review this evidence of the

Lorraine Green                                                    Gottesdiener Law Firm, PLLC
February 9, 2006
Page 2

Committee's bias and collusion with the Plan sponsor in this fashion due to the position you hold
and your intimate involvement in the matters in question referenced above.

      4.     The Committee's decision is entitled to no weight because it ignored two of three
arguments advanced for why the Board did not, as a matter of law, take valid action on
September 14th to amend the Plan.  As to the contentions the Committee makes for why an
exception should be made for the Board's failure to comply with the statutory unanimous
consent procedures, they are without merit.  The statute is plain on its face, and its requirements
clear.  Compliance with them is not optional, or waiveable.  Nor is a Director's duty under the
statute delegable as the Committee states or implies.

      5.     The Committee's decision is entitled to no weight because the Committee
impertinently ignored our explicit request for all documents and information relevant to this
claim.  *See* Claim Ltr. at 6.  ERISA § 503(a)(2), 29 U.S.C. § 1133(a)(2) provides, "in accordance
with regulations of the Secretary, every employee benefit plan shall . . . afford a reasonable
opportunity to any participant whose claim for benefits has been denied for a full and fair review
by the appropriate named fiduciary of the decision denying the claim."  ERISA § 503(a)(2), 29
U.S.C. § 1133(a)(2).

      The regulation applicable to my clients' claim states that any plan's claims review
procedure must "[p]rovide that a claimant shall be provided, upon request and free of charge . . .
copies of all documents, records, and other information relevant to the claimant's claim for
benefits.  Whether a document, record or other information is relevant to a claim for benefits
shall be determined by reference to paragraph (m)(8) of this section."  29 C.F.R. § 52560.503-
1(h)(2)(iii).   Paragraph (m)(8) provides in pertinent part:  "A document, record, or other
information shall be considered "relevant" to a claimant's claim if such document, record, or
other information:  (i) Was relied upon in making the benefit determination; (ii) Was submitted,
considered, or generated in the course of making the benefit determination, without regard to
whether such document, record, or other information was relied upon in making the benefit
determination; (iii) Demonstrates compliance with the administrative processes and safeguards
required pursuant to paragraph (b)(5) of this section in making the benefit determination."  *Id.* §
52560.503-1(m)(8).

      The Committee's failure to even acknowledge my clients' request let alone discharge
their duties under this notice-and-comment regulation is strong evidence of its bias and inability
to fairly consider my clients' claims.

      6.     Before recusing yourself from further involvement in this matter, you should
immediately cause to be provided to us all "documents, records and other *information*," *id.*
(emphasis added), relevant to my clients' claim including but not limited to:

          (1)     All documents and information regarding the selection and appointment of
the Members of the Committee who purported to adjudicate this claim, and all documents

Lorraine Green                                          Gottesdiener Law Firm, PLLC
February 9, 2006
Page 3

regarding the removal or resignation of the Members who were serving since shortly after my clients filed suit in August 2003, including all reasons why those Members are no longer serving on the Committee and the timing of their resignation or removal vis-a-vis this claim for benefits.

(2)     All documents and information regarding your selection and appointment by the Board of Directors *or* any other person or persons as the person or named fiduciary with authority to provide my clients with a full and fair review of their claim.[1]

(3)     All documents and information regarding all communications or other interactions between the Committee or any of its Members and Committee counsel[2] regarding this claim.[3]

(4)     All documents and information in the possession, custody or control of the Committee or any of its Members regarding this claim.

(5)     All documents and information in the possession, custody or control of Committee counsel regarding this claim.

(6)     All documents and information regarding all communications or other interactions between the Committee or its Members regarding this claim and counsel for the Sponsor (or for any current or former director, officer or employee or agent of the Sponsor).[4]

(7)     All documents and information regarding all communications or other interactions between the Committee or its Members and any other fiduciary (including but not limited to the Sponsor, as fiduciary), named fiduciary or other person regarding this matter.

(8)     All drafts of the Committee's January 23, 2006 denial letter.

(9)     All interview notes or notes taken or made in connection with the adjudication of this claim.

(10)     All emails written or received in connection with this claim.

---

[1] A copy of the written instrument by which the Amtrak Board of Directors designated you to serve in that capacity must also be provided under ERISA § 104(b)(2) and/or (b)(4), which we hereby invoke.
[2] Including but not limited to Barbara E. Schlaff and Robert J. Bolger.
[3] "Claim" for purposes of this letter includes but is not limited to all factual and legal matters pertaining to this claim.
[4] Counsel for the Sponsor includes but is not limited to John R. Wellschlager, Mark Muedking, Joy Napier-Joyce, Katrina Kamantauskas-Holder, Roxane Sokolove Marenberg, Desmond T. McIlwain, Alicia Serfaty, William Herrmann.  All references to the Sponsor including any current or former director, officer or employee or agent of the Sponsor acting in whole or in part in a non-fiduciary capacity.

Lorraine Green                                          Gottesdiener Law Firm, PLLC
February 9, 2006
Page 4

       (11)    All other documents or information generated in connection with this claim, including audio or videotapes.

       (12)    All documents reviewed in whole or in part by the Committee or any of its Members or any of its counsel in connection with this claim.

       (13)    All retainer and related agreements pertaining to the retention of counsel for the Committee as relates to this claim, including all bills, invoices, expenses reports, etc.

       (14)    All documents pertaining to the validity of the 12/23/94 version of the Plan that are or were in the Committee's possession, custody or control, or that of any of its Members or of its counsel.

       (15)    All information of which the Committee, any of its Members or its counsel are aware pertaining to the validity of the 12/23/94 version of the Plan.

       (16)    All documents and information that reflect or constitute what the Committee calls "subsequent actions of the Board in authorizing amendments to the Plan, and otherwise acting with respect to the Plan" such that they can be deemed to be "an implied ratification of the 1994 restatement of the Plan," with specific reference to exactly which actions constitute such ratification. Also produce all documents and information indicating whether the Sponsor has ever informed the Internal Revenue Service as to its failure to properly amend the Plan or any theory that can be likened to the Committee's that this failure to amend can be or was cured retroactively and/or through implied ratification. Also produce all documents and information pertaining to any consideration that the Committee has given to its obligations to inform current or prior participants regarding these matters.

       (17)    All documents and information that comprise "the extensive record in this matter" that the Committee and/or any of its Members and/or any of its counsel considered (in whole or in part) in denying my clients' claim.

       (18)    All documents and information reflecting cooperation or informational or other exchanges among the Committee and the Sponsor in connection with the adjudication of this claim, including but not limited to the timing of the Committee's denial and all considerations bearing on the timing of the Committee's denial (including but not limited to considerations pertaining to the briefing schedule set by Judge Kessler in the District Court case and the Committee's ability to withhold decision until such time as it may have been deemed advantageous to the Sponsor (or the Committee) as a litigant in the District Court case. Included in this request are all documents and information bearing on why the Committee's denial was faxed to me by Amtrak's Deputy General Counsel William Herrmann, with particular reference to what role he or anyone else acting in whole or in part on behalf of the Sponsor had in any aspect of the adjudication of my clients' claim.

Lorraine Green                                                    Gottesdiener Law Firm, PLLC
February 9, 2006
Page 5


     Please provide the above-referenced documents, records and information to us on a rolling basis and, if you have not already denied the appeal for the reason set forth in paragraph 2 above, please hold this appeal in abeyance until I have had an opportunity to make further arguments after I have received all relevant documents, records and information.

     If you refuse to produce any of the requested documents, records or information kindly explain specifically what is being withheld and specifically why, with reference with the numbered subparagraphs above.



Sincerely,


Eli Gottesdiener


Cc:    Wade F. Hall
       Hattie N. McCoy-Kemp
       Victoria F. Staton