# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **WADE F. HALL,** | : | |
| **HATTIE N. MCCOY-KEMP,** | : | |
| **VICTORIA F. STATION,** | : | |
| | : | |
| **On behalf of themselves and on** | : | **No. 06-CV-1539 (GK)** |
| **behalf of all others similarly situated,** | : | |
| | : | **Class Action** |
| **Plaintiffs,** | : | |
| **v.** | : | |
| | : | |
| **RETIREMENT INCOME PLAN FOR** | : | |
| **EMPLOYEES OF NATIONAL RAILROAD** | : | |
| **PASSENGER CORPORATION,** *et al.* | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANTS' AMENDED RESPONSE TO PLAINTIFFS'
## FIRST SET OF DISCOVERY REQUESTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules" or

"Fed. R. Civ. P.") and the Local Rules for the District Court of the District of Columbia,

Defendants respond to Plaintiffs' First Request for Production of Documents.

## INTRODUCTION

In argument relating to the Motion to Stay on November 3, 2006, counsel for Plaintiffs

explained to the Court that this case, in essence, consists mainly of one count in the companion

case, *Hall v. Amtrak*, 03-1764 ("*Hall I*") that was litigated, but dismissed near the end of

discovery because Plaintiffs failed to exhaust their administrative remedies.  Plaintiffs counsel

also acknowledged that the deadline for closing discovery in *Hall I* occurred just two months

after this Court mandated dismissal of the *Hall II* count in *Hall I*.  Plaintiffs counsel represented

to the Court that between the two month period between the dismissal of the *Hall II* count in *Hall*

I and the Court's deadline for close of discovery, there "may be some small things that were

1

literally not able to do." Transcript p. 8, l. 15. In response to the Court's inquiry as to what type of discovery Plaintiff would need in order to have a summary judgment motion filed so the Court could decide the cross summary judgment motions for *Hall I* and *Hall II* together, Plaintiff replied "[p]robably very little ... ***it's a pure legal question***." Plaintiffs counsel represented that he "just want[ed] to make sure there's no factual dispute as to what occurred on September 14th." Transcript p. 9, lines. 3-8. Defendants agree that *Hall II* is a reincarnation of the dismissed count from *Hall I* and "a pure legal question."

## GENERAL OBJECTIONS

1.    Defendants object to Plaintiffs' discovery requests to the extent that they are above and beyond the "very little" discovery that Plaintiffs proffered to the Court as necessary to the summary judgment motion. Primarily, Defendants object to Plaintiffs request that Defendants ask the Committee's former counsel (i.e. Venable) to search for and produce all internal work product and communications among and between Venable attorneys **regardless of whether those communications were passed on to members of the Committee or to third persons (like the Plan's Sponsor)**. Requesting that the Defendants instruct (and pay for) the Committee's former counsel to search for and produce all emails and other forms of communication that was sent by and between **only Venable attorneys** is grossly over broad and would result in undue and unnecessary expense, and would not be reasonably calculated to lead to the discovery of admissible evidence. Further, such a request may be protected by the attorney-client privilege and work product doctrines.

2.    Defendants also object to the extent that Plaintiffs request that Defendants produce documents in a form other than that which was obtained by the Committee's former counsel, Venable. Venable produced its files to Defendants in hard copy (not electronic) form. Requesting electronic form of these documents from Venable (if they exist) would likely result

2

in additional expense, would by unduly burdensome and would not be reasonably calculated to lead to the discovery of admissible evidence.

3.    Defendants also object to any definition of the Committee's "counsel" as being anyone other than an attorney at Venable – the retained firm as counsel for the Committee for purposes of the claims review process.

4.    Defendants generally object to Plaintiffs' request for production of documents to the extent they seek or may be deemed to seek information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, and any other privilege.  To the extent Defendants agree to produce any responsive material constituting or concerning an attorney-client communication between the Plan and counsel on matters in which the Plan or Committee is acting in a fiduciary capacity for the benefit of Plan participants, it is without waiver of any applicable privilege as to other material.  *See M.A. Everett v. USAir Group, Inc.*, 165 F.R.D. 1 (D.D.C. 1995); *Washington-Baltimore Newspaper Guild, Local 35 v. Washington Star Co.*, 543 F. Supp. 906 (D.D.C. 1982); *In re Long Island Lighting Co.*, 129 F.3d 268 (2d Cir. 1997).

5.    Defendants will continue to produce hard copies of responsive documents on a rolling basis as they are reviewed and copied.  In the event that Plaintiffs still wish to inspect and copy original documents (as indicated in Plaintiffs' Instruction No. 1), counsel for Plaintiffs and Defendants can coordinate an inspection, which will occur at the offices of DLA Piper in Washington DC at a mutually convenient date and time.

## REQUESTS

### Request for Production No. 1

Produce all documents referenced in the log provided to Plaintiffs on or about April 21, 2006 in connection with the claims process referenced in the Complaint that were withheld from Plaintiffs during the claims process.

3

## Response to Request for Production No. 1

In response to this request, Defendants will produce all documents retained by Venable that were communicated to the Committee, to members of the Committee and or to Ms. Green, as well as all documents from the *Hall* claims process files received from Ms. Green, Mr. Carricelli and Mr. Hardison. Defendants object to the production of additional documents because they are not relevant to Plaintiffs' claim in *Hall II*, and protected from disclosure by the attorney-client privilege and work product doctrines.

## Amended Response to Request for Production No. 1

Subject to the General Objections and without waiver of any applicable privilege, Defendants will produce all documents in their possession, custody or control that are responsive to Request for Production No. 1 other than those documents that are communications solely between or among Venable attorneys and that were **not** communicated to third persons (whether they be Committee members or anyone else).

## Request for Production No. 2

Produce documents ## 1, 9-68, 75-78, 99, 126-129, 132-33 and 141 referenced on the log provided to Plaintiffs in connection with *Hall I* on or about August 11, 2005 and that were withheld from Plaintiffs in connection with the claims process referenced in the Complaint or in connection with *Hall I*.

4

**Response to Request for Production No. 2**

These documents from the *Hall* I litigation are protected from disclosure by the attorney-client privilege and work product doctrines, and Defendants object to producing them.

**Request for Production No. 3**

Produce all documents concerning the Board's use or attempted use of the unanimous written consent procedure to conduct the business of the Corporation or the Board.

**Response to Request for Production No. 3**

Defendants have received any documents responsive to this request from discovery in *Hall I*.

**Request for Production No. 4**

Produce all documents concerning the manner in which Governor Holton during his time as a Board member participated in any Board use or attempted use of the unanimous written consent procedure to conduct the business of the Corporation or the Board.

**Response to Request for Production No. 4**

Defendants have received any documents responsive to this request from discovery in *Hall I*.

**Request for Production No. 5**

Produce all documents concerning any other instances in which Governor Holton authorized or purported to authorize another person to act in any fashion on his behalf in his capacity as a member of the Board.

**Response to Request for Production No. 5**

No responsive documents found.

**Request for Production No. 6**

Produce all documents and information regarding the selection and appointment of the Members of the Committee who purported to adjudicate the claim referenced in the Complaint, and all

documents regarding the removal or resignation of the Members who were appointed to serve in the Fall of 2003, including all reasons why those Members are no longer serving on the Committee and the timing of their resignation or removal vis-a-vis Plaintiffs' claim for benefits.

**Response to Request for Production No. 6**

To the extent that such documents exist and are non-privileged, Defendants will produce them. At this time, Defendants have located no responsive documents.

**Amended Response to Request for Production No. 6**

Defendants object because the phrase "all documents and information regarding the selection and appointment of the Members of the Committee" is vague, overly broad, inconsistent with Plaintiff's commitment to take "limited discovery," and not reasonable calculated to lead to the discovery of admissible evidence. Subject to these objections, Defendants will produce all documents in their possession, custody or control that are responsive to this Request that can be located after a reasonable inquiry and good faith search.

**Request for Production No. 7**

Produce all documents and information regarding Lorraine Green's selection and appointment by the Board of Directors or any other person or persons as the person or named fiduciary with authority to provide Plaintiffs with a full and fair review of their claim, including the written instrument by which the Amtrak Board of Directors designated her to serve in that capacity.

6

**<u>Response to Request for Production No. 7</u>**

To the extent that such documents exist and are non-privileged, Defendants will produce them.

At this time, Defendants have located no responsive documents.

**<u>Request for Production No. 8</u>**

Produce all documents and information regarding all communications or other interactions between the Committee or any of its Members and Committee counsel including but not limited to Barbara E. Schlaff and Robert J. Bolger regarding Plaintiffs' claim for benefits (and request for documents, records and information relevant to that claim) and all factual and legal matters pertaining to Plaintiffs' claim for benefits (and request for documents, records and information relevant to that claim).

**<u>Response to Request for Production No. 8</u>**

Defendants will produce any responsive non-privileged documents that have not already been produced.

**<u>Amended Response to Request for Production No. 8</u>**

Subject to the General Objections and without waiver of any applicable privilege, Defendants will produce all documents in their possession, custody or control that are responsive to Request for Production No. 8 other than those documents that are communications solely between or among Venable attorneys and that were **not** communicated to third persons (whether they be Committee members or anyone else).

**<u>Request for Production No. 9</u>**

Produce all documents and information in the possession, custody or control of the Committee or any of its Members regarding Plaintiffs' claim for benefits.

**Response to Request for Production No. 9**

Defendants will produce any responsive non-privileged documents that have not already been produced.

**Request for Production No. 10**

Produce all documents and information in the possession, custody or control of Committee counsel regarding Plaintiffs' claim for benefits.

**Response to Request for Production No. 10**

In response to this request, Defendants will produce all documents retained by Venable that were communicated to the Committee or to members of the Committee and/ or to Ms. Green, as well as all documents from the *Hall* claims process files received from Ms. Green, Mr. Carricelli and Mr. Hardison. Defendants object to the production of additional documents because they are not relevant to Plaintiffs' claim in *Hall II*, and protected from disclosure by the attorney-client privilege and work product doctrines.

**Amended Response to Request for Production No. 10**

Subject to the General Objections and without waiver of any applicable privilege, Defendants will produce all documents in their possession, custody or control that are responsive to Request for Production No. 10 other than those documents that are communications solely between or among Venable attorneys and that were **not** communicated to third persons (whether they be Committee members or anyone else). As stated in the General Objections, Defendants do not have such documents in their possession, custody or control, and requesting that Venable conduct a search for such documents would result in undue expense, would be overly burdensome and would be inconsistent with Plaintiffs commitment to take only "limited discovery."

8

**Request for Production No. 11**

Produce all documents and information regarding all communications or other interactions between the Committee or its Members regarding Plaintiffs' claim for benefits and counsel for the Sponsor (or for any current or former director, officer or employee or agent of the Sponsor).

**Response to Request for Production No. 11**

Defendants will produce all responsive documents retained by Venable, as well as all documents from the *Hall* claims process files received from Ms. Green, Mr. Carricelli and Mr. Hardison.

**Amended Response to Request for Production No. 11**

Subject to the General Objections and without waiver of any applicable privilege, Defendants will produce all documents in their possession, custody or control that are responsive to Request for Production No. 11, and that can be located after a reasonable inquiry and good faith search.

**Request for Production No. 12**

Produce all documents and information regarding all communications or other interactions between the Committee or its Members and any other fiduciary (including but not limited to the Sponsor, as fiduciary), named fiduciary or other person regarding Plaintiffs' claim for benefits.

**Response to Request for Production No. 12**

Defendants will produce all responsive documents retained by Venable, as well as all documents from the *Hall* claims process files received from Ms. Green, Mr. Carricelli and Mr. Hardison.

**Amended Response to Request for Production No. 12**

Subject to the General Objections and without waiver of any applicable privilege, Defendants will produce all documents in their possession, custody or control that are responsive to Request for Production No. 12, and that can be located after a reasonable inquiry and good faith search.

**Request for Production No. 13**

Produce all drafts of the Committee's January 23, 2006 letter denying Plaintiffs' claim for benefits.

**Response to Request for Production No. 13**

Defendants will produce all drafts that were communicated from or to the Committee (or members of the Committee) and retained by Venable, as well as all documents from the *Hall* claims process files received from Ms. Green, Mr. Carricelli and Mr. Hardison that are non-privileged.

**Request for Production No. 14**

Produce all interview notes or notes taken or made in connection with the adjudication of Plaintiffs' claim for benefits.

**Response to Request for Production No. 14**

Defendants will produce all notes by the Committee or members of the Committee in its possession, custody or control that reflect non-privileged communication.

**Request for Production No. 15**

Produce all emails written or received in connection with Plaintiffs' claim for benefits.

**Response to Request for Production No. 15**

Objection. Defendants will produce all emails in its possession, custody or control that were communicated to, sent by or received by the Committee or members of the Committee in connection with Plaintiffs' claim for benefits. Otherwise, this request is vague, overly broad and (to the extent that the emails were not communicated to members of the Committee) protected from disclosure by the attorney-client privilege and work product doctrines.

**Request for Production No. 16**

Produce all other documents or information generated in connection with Plaintiffs' claim for benefits, including audio or videotapes.

**Response to Request for Production No. 16**

In response to this request, Defendants will produce all documents retained by Venable that were communicated to the Committee or to members of the Committee (Ms. Green, Mr. Carricelli and Mr. Hardison), as well as all documents from the *Hall* claims process files received from Ms. Green, Mr. Carricelli and Mr. Hardison. Defendants do not believe that they possess audio or videotapes relating to this claims review process.

**Request for Production No. 17**

Produce all documents reviewed in whole or in part by the Committee or any of its Members or any of its counsel in connection with Plaintiffs' claim for benefits.

**Response to Request for Production No. 17**

In response to this request, Defendants will produce all documents retained by Venable that were communicated to the Committee or to members of the Committee and/ or Ms. Green, as well as all documents from the *Hall* claims process files received from Ms. Green, Mr. Carricelli and Mr. Hardison.

**Request for Production No. 18**

Produce all retainer and related agreements pertaining to the retention of counsel for the Committee as relates to Plaintiffs' claim for benefits, including all bills for all work performed in connection with same, invoices, and expense reports.

11

**Response to Request for Production No. 18**

Objection. This request is irrelevant, overly burdensome and beyond the scope of discovery that

Plaintiffs represented as necessary at the hearing on November 3, 2006

**Request for Production No. 19**

Produce all documents pertaining to the validity of the 12/23/94 version of the Plan that are or

were in the Committee's possession, custody or control, or that of any of its Members or of its

counsel.

**Response to Request for Production No. 19**

Objection. If any responsive documents exist, they are beyond the scope of discovery that

Plaintiffs represented as necessary at the hearing on November 3, 2006, not relevant, and not

reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 20**

Produce all information of which the Committee, any of its Members or its counsel are aware

pertaining to the validity of the 12/23/94 version of the Plan.

**Response to Request for Production No. 20**

Objection. If any responsive documents exist, they are beyond the scope of discovery that

Plaintiffs represented as necessary at the hearing on November 3, 2006, not relevant, and not

reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 21**

Produce all documents and information that reflect or constitute what the Committee, in response

to Plaintiffs' claim for benefits, and/or Ms. Green in affirming the Committee's denial, called

"subsequent actions of the Board in authorizing amendments to the Plan, and otherwise acting

with respect to the Plan" such that they can be deemed to be "an implied ratification of the 1994

restatement of the Plan," with specific reference to exactly which actions constitute such ratification. Also produce all documents and information indicating whether the Sponsor has ever informed the Internal Revenue Service as to its failure to properly amend the Plan or any theory that can be likened to the Committee's or Ms. Green's that this failure to amend can be or was cured retroactively and/or through implied ratification. Also produce all documents and information pertaining to any consideration that the Committee has given to its obligations to inform current or prior participants regarding these matters.

**Response to Request for Production No. 21**

Objection. This request is vague, unclear, overly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the limited discovery that Plaintiffs proffered to the Court as necessary at the November 3, 2006 hearing.

**Request for Production No. 22**

Produce all documents and information that comprise "the extensive record in this matter" that the Committee and/or any of its Members and/or any of its counsel considered (in whole or in part) in denying Plaintiffs' claim for benefits.

**Response to Request for Production No. 22**

In response to this request, Defendants will produce all documents retained by Venable that were communicated to the Committee or to members of the Committee and/ or Ms. Green, as well as all documents from the *Hall* claims process files received from Ms. Green, Mr. Carricelli and Mr. Hardison.

**Request for Production No. 23**

Produce all documents and information reflecting cooperation or informational or other exchanges among the Committee and the Sponsor in connection with the adjudication of this

claim, including but not limited to the timing of the Committee's denial and all considerations bearing on the timing of the Committee's denial (including but not limited to considerations pertaining to the briefing schedule set by Judge Kessler in the District Court case and the Committee's ability to withhold decision until such time as it may have been deemed advantageous to the Sponsor (or the Committee) as a litigant in the District Court case). Included in this request are all documents and information bearing on why the Committee's denial was faxed to Plaintiffs' counsel by Amtrak's Deputy General Counsel William Herrmann, with particular reference to what role he or anyone else acting in whole or in part on behalf of the Sponsor had in any aspect of the adjudication of Plaintiffs' claim.

**Response to Request for Production No. 23**

Defendants will produce any responsive, non-privileged documents to the extent that they exist.

**Request for Production No. 24**

Produce all documents Defendants are required to produce to Plan participants upon request (hereby made) under ERISA §§ 104(b)(2), (b)(4), 29 U.S.C. §§ 1024(b)(2), (b)(4).

**Response to Request for Production No. 24**

Defendants have received any and all documents responsive to this request from discovery in *Hall I.*

Respectfully submitted,

_____

John R. Wellschlager
(Admitted *Pro Hac Vice*)
Robert A. Gaumont
(Admitted *Pro Hac Vice*)
DLA PIPER US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000

Mark Muedeking
D.C. Bar No. 387812
DLA PIPER US LLP
1200 Nineteenth Street, N.W.
Washington, D.C.  20036-2412
Telephone (202) 861-3900
Facsimile (202) 223-2085

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of November 2006, copies of the Defendants'

Amended Response to Plaintiffs First Set of Document requests was served via e-mail and

mailed first class, postage pre-paid, to:

> Eli Gottesdiener, Esquire
> Gottesdiener Law Firm
> 498  7th Street
> Brooklyn, New York
>
> *Attorney for Plaintiffs*

_____
Robert A. Gaumont