```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

WADE F. HALL, *et al.*,                 :
                                        :
            Plaintiffs,                 :
                                        :
      v.                                :     Civil Action No. 03-1764 (GK)
                                        :
NATIONAL RAILROAD PASSENGER             :
CORPORATION, *et al.*,                  :
                                        :
            Defendants.                 :

### MEMORANDUM ORDER

On August 22, 2007, the Court consolidated the above-captioned case ("Hall I") with the related action, <u>Hall v. Retirement Income Plan for Employees of Nat'l Railroad Passenger Corp.</u>, No. 06-1539 (D.D.C filed Aug. 31, 2006) ("Hall II"). Plaintiffs in Hall I and Hall II are former employees of the National Railroad Passenger Corporation ("Amtrak") and participants in Amtrak's Retirement Income Plan for Employees of the National Railroad Passenger Corporation ("Retirement Plan"). Defendants Amtrak, the Amtrak Retirement Plan Committee, and Amtrak's Retirement Income Plan are defendants in both Hall I and Hall II. Claims also remain in Hall I against the following additional Defendants: (1) Warren Reisig, William Herrmann, and Gordon Hutchinson (current Members of the Retirement Plan Committee), (2) the Savings Plan Committee, and (3) George D. Warrington, President/CEO of Amtrak from 1998 until 2002.

Prior to consolidation of the two cases, Plaintiffs and Defendants in Hall II filed cross-motions for summary judgment.

This matter is now before the Court on Defendants' Motion for Summary Judgment [Dkt. No. 22] in Hall II.[1]  Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Defendants' Motion for Summary Judgment is **denied without prejudice**.

I.  BACKGROUND

The Second Amended Complaint in Hall I originally alleged three Counts regarding Defendants' management of Amtrak's Retirement Plan and Retirement Savings Plan.  On August 5, 2005, the Court dismissed Count One of Hall I for failure to exhaust administrative remedies under Amtrak's Retirement Plan.

Plaintiffs then immediately filed their claim for benefits with the Retirement Plan Committee.  The Committee denied the claim and Plaintiffs appealed to Lorraine Green, the Amtrak officer designated to adjudicate appeals.  In connection with their appeal, Plaintiffs requested all documents relevant to their claim pursuant to Department of Labor Regulation 29 C.F.R. § 2560.503-1(h)(2)(iii).[2]  Plaintiffs contend that they never

---

[1] The briefing on Plaintiffs' Motion for Partial Summary Judgment Under Count One in Hall II mentions the discovery issues discussed in this Memorandum Order only briefly in a footnote, and argues other grounds for summary judgment in their favor. Accordingly, the Court does not consider Plaintiffs' Motion at this time.

[2] 29 C.F.R. § 2560.503-1(h)(2)(iii) provides:

Full and fair review.  Except as provided in paragraphs (h)(3) and (h)(4) of this section, the claims procedures

received certain documents to which they were entitled under that Regulation.  Lorraine Green affirmed the denial of Plaintiffs claim.

On August 31, 2006, Plaintiffs filed Hall II, in which they renew the allegations that the Court dismissed from Hall I.  Count One of Hall II[3] alleges that on September 14, 2001, Amtrak's Board of Directors attempted unsuccessfully to amend Amtrak's Retirement Plan to reduce an early retirement supplement.[4]  Plaintiffs claim that because the amendment was not proper, they are entitled to a larger benefit amount.  Count Two alleges that Defendants failed to disclose to Plaintiffs "copies of, all documents, records, and other information relevant to [Plaintiffs'] claim for benefits," as required by 29 C.F.R. § 2560.503-1(h)(2)(iii).

---

> of a plan will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless the claims procedures . . .
>
> (iii) Provide that a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section. . . .

[3] Unless otherwise indicated, all Counts discussed in the remainder of this Memorandum Order refer to Counts in Hall II.

[4] The parties dispute whether a separate Board action on July 26, 2001 constituted an amendment to the Retirement Plan.  They also dispute whether that question is even properly before the Court in this case.  That issue has no bearing on this Order, and the Court does not decide it at this time.

## II.  ANALYSIS

Defendants have moved for summary judgment in Hall II.  They argue that the Court must apply a deferential standard of review to the Retirement Plan Committee's denial of Plaintiffs' claim.  Applying such a standard, they argue, the Court must affirm the Committee's decision.  Plaintiffs argue that summary judgment is premature without additional discovery for three reasons.[5]

First, they argue that the administrative record as provided to the Court is incomplete, and additional discovery is necessary to determine its full scope.  Summary judgment, they contend, would be improper on an incomplete administrative record.

Second, Plaintiffs argue that the pendency of Count Two, which alleges that Defendants violated ERISA's disclosure requirements,

---

[5] Plaintiffs' request for additional discovery is most surprising.  At the Hall II Initial Scheduling Conference on November 3, 2006, Plaintiffs vigorously opposed a stay of Hall II pending resolution of the summary judgment motions in Hall I.  They argued that the Court should deny Defendants' pending Motion to Stay because very little discovery would be necessary in Hall II.  See Hr'g Tr. [Dkt. No. 18] 8-10, 13-14, 18-19, Nov. 3, 2006.  Relying on Plaintiffs' representations, the Court denied the Motion to Stay with the understanding that, as Plaintiffs explained, very little discovery would be undertaken.  Scheduling Order [Dkt. No. 17] 1-2, Nov. 6, 2006.  Despite the clear record of their position regarding limited discovery, and the Court's express reliance on that position, every one of Plaintiffs' arguments in their Opposition to Defendants' Motion maintains that summary judgment is premature because additional discovery is necessary.  In short, Plaintiffs have completely reversed their position, causing a monumental waste of resources--the Court's and the parties'--by necessitating reexamination of these issues when such duplicative work could have been prevented by more candid and realistic representations.

precludes summary judgment on Count One. Department of Labor Regulation 29 C.F.R. § 2560.503-1(h)(2)(iii) provides that a full and fair review of an adverse benefit determination may be had only where "the claims procedures . . . [p]rovide that a claimant shall be provided . . . reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." Count Two alleges that Defendants violated that regulation by failing to disclose all relevant documents as part of the review of the claims denial. If the review process was deficient, Plaintiffs claim, the Court must find that the Committee's decision was arbitrary and capricious. Accordingly, Plaintiffs argue, a decision cannot be made in favor of Defendants on Count One prior to a decision on Count Two.

Third, Plaintiffs argue that the members of the Retirement Plan Committee and the appeals officer had conflicts of interest with respect to the consideration of Plaintiffs' claim for benefits. Evidence of such a conflict, they argue, will affect the standard applicable to the Court's review of the denial of Plaintiffs' claim.

Defendants oppose Plaintiffs' request for additional discovery, citing to Plaintiffs' prior contrary representations to the Court at the November 3, 2006 Initial Scheduling Conference, see supra, n.5, as well as Plaintiffs' failure to file any motion to compel the discovery they are belatedly seeking or to move for

any extension of time to complete discovery. Defendants argue that in light of these facts, Plaintiffs cannot now be permitted to rely on any need for additional discovery as a ground for denying summary judgment.[6]

Although Defendants' arguments are persuasive, the Court concludes that it is more appropriate to ensure a full record and deny Defendants' Motion for Summary Judgment without prejudice. The Court will permit Plaintiffs limited additional discovery regarding the arguments they raised in their Opposition, and the parties shall have the opportunity to file renewed briefs on Defendants' Motion.

**III. CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment is **denied without prejudice**; it is further

**ORDERED** that additional limited discovery shall be completed by **November 5, 2007;** and it is further

**ORDERED** that Defendants' renewed dispositive motion is due **no**

---

[6] Defendants' final argument opposing further discovery--that Plaintiffs failed to file the requisite Fed. R. Civ. P. 56(f) affidavit--is simply incorrect. Plaintiffs have attached to their Opposition the Declaration of Eli Gottesdiener, counsel for Plaintiffs, which states that Plaintiffs are not able to further justify their opposition "because they have not had the opportunity to conduct discovery" into the three bases for their argument. Gottesdiener Decl. ¶ 3.

**later than December 3, 2007,**[7] Plaintiffs' Opposition is due **no later than January 2, 2007,**[8] and Defendants' Reply is due **no later than January 15, 2007.**


September 20, 2007                    /s/
                                      Gladys Kessler
                                      United States District Judge


**Copies via ECF to all counsel of record**

---

[7] Defendants are free to merely resubmit the motion the Court now denies without prejudice.  However, in no event is either party to refer back to or incorporate by reference any previous filings.

[8] No motions for extension of time will be granted.  It is Plaintiffs' fault that this second round of briefing is required.

-7-