IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WADE F. HALL,<br>  *et al.*,<br><br>            **Plaintiffs,**<br><br>   v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION,<br>   *et al.*,<br><br>            **Defendants.** | Case No.  03-CV-01764 (GK)<br>Next Scheduled Court deadline:<br>December 3, 2007 (Defendants'<br>Renewed Motion for Summary<br>Judgment) |

### DEFENDANTS' MOTION FOR RECONSIDERATION

#### I.     INTRODUCTION

On September 20, 2007, this Court denied, without prejudice, Defendants' motion for summary judgment because Plaintiffs' counsel swore, pursuant to Fed. R. Civ. P. 56(f), that Plaintiffs needed additional discovery. Later that day, Defendants withdrew their request for additional discovery.

While it seems logical that, based on this Court's memorandum opinion, that this Court would likely now decide Defendants' motion for judgment, this Court has technically set a new date – December 3, 2007 – by which Defendants must file a renewed summary judgment motion. *See* Mem Opinion, at 7 n. 7 ("Defendants are free to merely resubmit the motion the Court now denies without prejudice."). Presumably, until that date, Defendants' motion will not be

adjudicated. Accordingly, Defendants request that this Court vacate its earlier Order to allow a ruling on Defendants' motion for summary judgment without resubmission by Defendants.

## II. ARGUMENT

### A. This Court Should Reconsider Its Order Requiring Resubmission of Defendants' Summary Judgment Motion Because Plaintiffs Have Withdrawn Their FRCP 56(f) Request

"Importantly, the standard for reconsideration of interlocutory orders under Rule 54(b) is distinct from the standard applicable to motions for reconsideration of final judgments." *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004). This Court has complete discretion to reconsider any of its interlocutory decisions. *See Lemmons v. Georgetown Univ. Hosp.*, 241 F.R.D. 15, 21-22 (D.D.C. 2007); *Lewis v. United States*, 290 F. Supp. 2d 1, 3 (D.D.C. 2003).

In this case, this Court denied Defendants' motion for summary judgment to provide Plaintiffs "limited additional discovery regarding the arguments they raised in their Opposition." Mem. Op. at 6. That request for "limited additional discovery" has now been withdrawn. As a result, Defendants respectfully request that this Court reconsider its Order instructing counsel to file (or resubmit) summary judgment papers in December 2007.

### B. Plaintiffs Now Reinterpret Their Prior Representations Concerning the Need for Additional Discovery

As this Court noted in its opinion, "[i]t is Plaintiffs' fault that this second round of briefing is required." Mem. Op. at 7 n. 8. This Court also accurately summarized the proffers made by Plaintiffs' counsel concerning how Plaintiffs needed "very little discovery" and how, by "revers[ing] their position," Plaintiffs have "caus[ed] a monumental waste of resources – the Court's and the parties'" which could have been avoided "by more candid and realistic representations." *Id.* at 4 n. 5.

In response, Plaintiffs now suggest that their proffers concerning the need for 'very little discovery' concerned only Plaintiffs' motion for summary judgment, not any motion filed by Defendants. *See* Notice of Withdrawal of Rule 56(f) Request, at 2 n.1. Plaintiffs claim that it did not know that Defendants were filing a dispositive motion when they made that proffer. *Id.* This argument – in the most charitable light – is inconsistent with the transcript of what was actually said by counsel and this Court at the hearing:

> Mr. Wellschlager: …. [I]f all we have to do is put together our motion for summary judgment in Hall 2 and provide some documents in response to document requests then, you know, I agree with the Court that there's not a tremendous amount of prejudice and that's fine.
> The Court: Well, Mr. Gottesdiener, do you want to say anything more about discovery? I'm going to hold you to what you say today?
> ….
> The Court: The standard of review is not the issue before me. I asked you about discovery.
> Mr. Gottesdiener: I'm sorry, Your Honor. I thought I was being responsive, because I was about to say that discovery is not necessary. … [W]e don't need discovery. We're much happier. If that means that we need to trim back, and it's just a little bit, the document requests, we don't need it. We don't need it.
> The Court: All right. I take you at your word on that.

Transcript of Scheduling Conference of November 3, 2006, at page 13, line 9 to page 14, line 20.

Defendants agree with this Court that Plaintiffs actions have resulted in Defendants incurring additional costs as well as unnecessary delay. Defendants are refraining (at the present time) from moving for sanctions only because this Court has seen enough paper in these cases, and neither the Court nor the parties will benefit in a meaningful way from further skirmishes unrelated to the merits of this case.

## III. CONCLUSION

For these reasons, Defendants request that this Court reconsider its Order requiring the resubmission of Defendants' Motion for Summary Judgment.

Respectfully submitted,

_____/s/_____
John R. Wellschlager
Robert A. Gaumont
(Admitted *Pro Hac Vice*)
DLA PIPER US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000

Mark Muedeking
D.C. Bar No. 387812
DLA PIPER US LLP
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2412
Telephone (202) 861-3900
Facsimile (202) 223-2085

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of October, 2007, a copy of Defendants' Motion for Reconsideration was sent electronically to:

> Eli Gottesdiener, Esquire
> Gottesdiener Law Firm
> 498 7th Street
> Brooklyn, New York
>
> *Attorney for Plaintiffs*

_____/s/_____
Robert A. Gaumont

BALT1\4388268.1